**UNITED STATES of America, Appellee,**

**v.**

**John F. TABAKA, Jr., Mary R. Tabaka; Phillip S. Lucchese, and Gerald C. Munsch,**

**Phillip S. Lucchese, Appellant.**

No. 91–3882.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit Rule 12(6) Dec. 3, 1992.

Decided Dec. 28, 1992.

---

WEIS, Circuit Judge.

In this appeal from a sentence, we conclude that an offense that occurs after the conduct that is the basis of an indictment must be considered in calculating the defendant's criminal history. However, when a previous sentence for an unrelated offense is "suspended," the court must only consider the time served before suspension when determining the appropriate level of enhancement. Because the district court did not limit its calculation to the non-suspended portion of the previous sentence, we will remand for resentencing.

The defendant pleaded guilty to one count of conspiracy to distribute cocaine and marijuana as well as to one count of filing false tax returns. The district court, after granting the government's motion for downward departure, imposed concurrent sentences of 84 and 60 months. Defendant has appealed alleging error in the calculation of the criminal history score adopted by the district court.

The federal indictment alleges that the defendant engaged in a drug conspiracy that began in 1977 and ended in June 1989. On May 24, 1990, before the federal indictment had issued, the defendant was arrested by local police for driving under the influence of alcohol in Erie County, Pennsylvania. After he pleaded guilty, the state court sentenced him on March 12, 1991 to a term of imprisonment for a minimum of 48 hours to a maximum of 15 months. Two days later, on March 14, 1991, the state judge entered an order stating that "the sentence as to imprisonment as above set forth be suspended during good behavior and the Defendant is placed on Parole for the unexpired portion of the maximum term."

The defendant pleaded guilty to the federal indictment on September 20, 1991, and was sentenced on December 2, 1991. The district court rejected defendant's contention that the state judgment was not a "prior sentence" under the Guidelines for purposes of calculating criminal history. The court also rejected the argument that, because the state sentence had been "sus-

Elliot J. Segel, Erie, PA, for appellant.

Thomas W. Corbett, Jr., U.S. Atty., Paul J. Brysh, Bonnie R. Schlueter, Asst. U.S. Attys., Pittsburgh, PA, for appellee.

Before: SCIRICA, ALITO, and WEIS, Circuit Judges.

pended," the criminal history score should have been one, rather than enhanced to three based on the state's maximum term of 15 months.

## I.

■ Under the Federal Sentencing Guidelines, criminal history points are assessed according to the length of each prior sentence of imprisonment. U.S.S.G. § 4A1.1(a)–(c). "Prior sentence" is defined as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea . . ., for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). As applicable to the facts here, the Guideline commentary provides that the "[state] sentence imposed after the defendant's commencement of the [federal] offense, but prior to sentencing on the [federal] offense, is a prior sentence if it was for conduct other than conduct that was part of the [federal] offense." U.S.S.G. § 4A1.2(a)(1), comment. (n.1).

Defendant argues that the Guidelines should not enhance punishment for anything other than an offense that occurred before the conduct that is the subject of his federal indictment. The Court of Appeals for the Eleventh Circuit rejected a similar argument, pointing out that a post-plea offense involves additional criminal activity that makes the defendant more culpable and suggests the likelihood of recidivism and future criminal conduct. *United States v. Walker*, 912 F.2d 1365, 1366–67 (11th Cir.1990).

Essentially, the result in the case at hand is dictated by the plain wording of the Guideline which focuses on whether the sentence was "previously imposed." U.S.S.G. § 4A1.2(a)(1). The Guideline does not discuss when the offense occurred but, instead, looks to the timing of the federal sentencing hearing and the earlier conviction. *See United States v. Walling*, 936 F.2d 469, 471 (10th Cir.1991) ("the chronology of sentencing rather than the commission of the crimes" is controlling); *see also United States v. Lara*, 975 F.2d 1120, 1129 (5th Cir.1992); *United States v. Hoy*, 932 F.2d 1343, 1345 (9th Cir.1991); *United*

*States v. Walker*, 912 F.2d 1365, 1366 (11th Cir.1990); *United States v. Smith*, 900 F.2d 1442, 1448 (10th Cir.1990).

We conclude that the district court properly decided that the sentence for driving under the influence of alcohol was a "prior sentence" for purposes of calculating the criminal history score.

## II.

■ Although we decline to adopt the defendant's argument that the state sentence should not have been considered in the criminal history computation, we do find merit to his contention that the district court added excessive points on the basis of that offense.

A conviction for drunk driving is specifically designated as one of the violations that should be factored into the total criminal history level under the Guidelines. U.S.S.G. § 4A1.2, comment. (n.5). The number of points assessed, however, depends upon the level of punishment imposed for that offense.

Section 4A1.1(a) requires that three points be added for "each prior sentence of imprisonment exceeding one year and one month." The federal presentence report cited that provision in recommending the addition of three points to defendant's score.

The commentary to section 4A1.2 states: "[t]he length of a sentence of imprisonment is the stated maximum. . . . That is, criminal history points are based on the sentence pronounced, not the length of time actually served." U.S.S.G. § 4A1.2, comment. (n.2). Similarly, section 4A1.2(b)(1) defines "sentence of imprisonment" as "a sentence of incarceration and refers to the maximum sentence imposed."

The defendant, however, relies on section 4A1.2(b)(2) which reads: "If part of a sentence of imprisonment was suspended, 'sentence of imprisonment' refers only to the portion that was not suspended." If that section applies here, then only one point, rather than three points, should have counted because only 48 hours of the drunk driving sentence was not suspended. *See*

U.S.S.G. 4A1.1(c) (one point for sentences under 60 days).

The government cites a number of cases that hold that the length of sentence imposed and not actual time served is the test. *See United States v. Pettit*, 938 F.2d 175, 178 (10th Cir.1991); *United States v. Davis*, 929 F.2d 930, 932–33 (3d Cir.1991); *United States v. Altman*, 901 F.2d 1161, 1166 (2d Cir.1990); *United States v. Shinners*, 892 F.2d 742, 743–44 (8th Cir.1989). In none of those cases, however, was the sentence suspended and, consequently, the courts did not consider the application of section 4A1.2(b)(2).

The state court's order could not be more explicit in stating that its sentence was "suspended." Just as we looked to the plain wording of the Guidelines in rejecting defendant's objection to the use of the state conviction, we use the same standard in reading section 4A1.2(b)(2). We hold that subsection (b)(2) applies and allows the addition of only one point because most of the sentence was suspended.

■ The government did not attack the state sentence and it is unlikely that a collateral attack could be mounted in the circumstances. In any event, we note that Pennsylvania Common Pleas judges have the discretion to suspend sentences in connection with the imposition of probation. *See Commonwealth v. Raynes*, 349 Pa.Super. 314, 503 A.2d 17, 17–19 (1986). Moreover, a sentencing judge in Pennsylvania has the authority to modify a sentence within thirty days after the date it was imposed. *See* 42 Pa. Cons. Stat. § 5505.

That discretion is expressly limited, however, by the mandatory penalty provisions of 75 Pa. Cons. Stat. § 3731, the statute that makes drunk driving a crime. Under the language of section 3731(e)(1)(i), the Pennsylvania courts may not suspend a sentence of imprisonment for drunk driving and place a defendant on probation until after a "mandatory sentence" of 48 hours is served. *Commonwealth v. Kriston*, 527 Pa. 90, 588 A.2d 898, 900 (1991); *Commonwealth v. Waters*, 361 Pa.Super. 154, 522 A.2d 60, 62–63 (1987); *Commonwealth v. Filius*, 346 Pa.Super. 434, 499 A.2d 1078,

1079–80 (1985). Here, after the defendant had served 48 hours, the Court of Common Pleas had the authority to suspend the remainder of the sentence and grant probation or parole.

■ It is apparent to us that the defendant comes within the provisions of Guideline section 4A1.2(b)(2). However, even if there is doubt about that issue in light of section 4A1.2(b)(1), the rule of lenity comes into operation. We have explained that "[w]here there is ambiguity in a criminal statute, doubts are resolved in favor of defendant" *United States v. Mobley*, 956 F.2d 450, 452 (3d Cir.1992) (*citing United States v. Bass*, 404 U.S. 336, 348, 92 S.Ct. 515, 522, 30 L.Ed.2d 488 (1971)). The rule applies to criminal prohibitions as well as penalties. *Bifulco v. United States*, 447 U.S. 381, 387, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205 (1980).

Because of the error in computation, the defendant must be resentenced. We note, however, that our decision to remand does not suggest any view on the sentence that the district judge should impose. The district court granted the government's motion for a downward departure based on the defendant's cooperation and, consequently, the sentencing judge has substantial discretion in determining punishment appropriate to the circumstances.

Our disposition of this case is compelled by the necessity to interpret a Guideline provision that was previously unresolved in this Circuit. Indeed, the district court noted its desire that appellate guidance be furnished on the issue of assessing points for suspended sentences.

This case will be remanded for resentencing.