**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                      No. 99-4524

MARLON DEWAYNE DIXON,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-99-50)

Argued: June 8, 2000

Decided: September 19, 2000

Before WILKINSON, Chief Judge, and WIDENER and
TRAXLER, Circuit Judges.

_____

Vacated and remanded with instructions by published opinion. Judge
Widener wrote the opinion, in which Chief Judge Wilkinson and
Judge Traxler joined.

_____

**COUNSEL**

**ARGUED:** Edward Henry Weis, Assistant Federal Public Defender,
Charleston, West Virginia, for Appellant. Monica Kaminski Sch-
wartz, Assistant United States Attorney, Charleston, West Virginia,
for Appellee. **ON BRIEF:** Hunt L. Charach, Federal Public Defender,
Mary Lou Newberger, Assistant Federal Public Defender, Michael W.

Strong, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, Charleston, West Virginia, for Appellee.

---

**OPINION**

WIDENER, Circuit Judge:

Marlon Dewayne Dixon appeals the district court's order sentencing him to 63 months incarceration. For the reasons that follow, we vacate the sentencing order and remand this case to the district court for re-sentencing consistent with this opinion.

On March 9, 1999, Dixon was charged with possessing crack cocaine with intent to distribute it in violation of 21 U.S.C. § 841(a)(1). In April 1999, Dixon pleaded guilty to the charge pursuant to a plea agreement. Prior to sentencing, the United States Probation Office (the Probation Office) prepared a pre-sentence report in which the Probation Office assigned Dixon two criminal history points under the United States Sentencing Guidelines (Guidelines), U.S.S.G. § 4A1.1(b) (1998), for a prior sentence he received in Florida state court.

Dixon's prior sentence in Florida involved a domestic violence charge. On April 16, 1996, Dixon was arrested for aggravated battery. He pleaded guilty and was sentenced to complete a 29-week intervention program, to pay a $150 fine, to refrain from violent contact with the victim, and to serve 60 days in jail with credit for time served. Dixon had served 23 days in jail prior to sentencing for the aggravated battery charge. The Florida court also suspended the 60-day jail sentence and placed Dixon on probation. On January 10, 1997, Dixon pleaded nolo contendre to a violation of probation, and the Florida court revoked his probation. The Florida court sentenced Dixon to time served, which was 35 days. In total, Dixon served 58 days in prison for the Florida charges.[1]

---

[1] Although not a formal part of the record, neither party disputes the 58-day total: 23 days time served for the initial sentence and 35 days time served imposed upon the revocation of probation.

2

The pre-sentence report prepared by the Probation Office states that Dixon received "sixty days' [sic] Lake County Jail with credit for time served, suspended upon condition that the defendant successfully complete one year probation." The pre-sentence report also states that Dixon received a sentence of time served for the violation of his probation, and it assigns two criminal history points for these sentences under § 41A.1(b) of the Guidelines. At the sentencing hearing, Dixon objected to the two criminal history points for the Florida sentences and asserted that he should have received only one criminal history point because the first prior sentence had been suspended. Dixon contended that pursuant to § 4A1.1(c) of the Sentencing Guidelines, any part of a sentence that is suspended shall not be counted for the "at least 60 day" threshold in U.S.S.G. § 4A1.1(b). Dixon's counsel stated:

> It is our position for A1.2b to apply it refers only to the portion that was not suspended and that in this case only 58 days were not suspended and, therefore, [Dixon] should only get one point assessed for that particular offense.

The district court overruled Dixon's objection and reasoned that the Florida sentence was, in fact, imposed and that all 60 days should be counted toward the 60-day threshold in § 4A1.1(b) rather than just the actual time served. The assignment of two criminal history points placed Dixon in Criminal History Category II of Chapter 5, Part A of the Guidelines and gave him a total offense level of 25. See U.S.S.G. Ch. 5, Pt. A (Sentencing Table). The applicable sentencing range for Level 25 is 63 to 78 months. See U.S.S.G. Ch. 5, Pt. A (Sentencing Table). On July 19, 1999, the district court sentenced Dixon to 63 months with credit for the time he was in custody. Dixon filed a timely notice of appeal on July 21, 1999.

Chapter Four of the United States Sentencing Guidelines instructs a court to assign criminal history points to a convicted defendant for certain prior sentences. Criminal history points, ranging from one to three points, are assessed under U.S.S.G. §§ 4A1.1(a)-(f) according to the length of each prior sentence. The number of points under each subsection is added to determine the criminal history category and applicable sentencing range. See U.S.S.G. Ch. 5, Pt. A (Sentencing Table). Guideline § 4A1.1(b) provides that two criminal history

3

points are added "for each prior sentence of imprisonment of at least sixty days not counted in (a)." U.S.S.G. § 4A1.1(b). Guideline § 4A1.1(c) provides that one criminal history point is added for any other sentence not counted in subsections (a) or (b), not to exceed four points. See U.S.S.G. § 4A1.1(c).

A "sentence of imprisonment" is defined under the Guidelines as a sentence of incarceration and as the maximum sentence imposed rather than the time actually served. See U.S.S.G.§ 4A1.2(b)(1); see also U.S.S.G. § 4A1.2, commentary n.2 ("[T]he length of the sentence of imprisonment is the stated maximum . . . . That is, the criminal history points are based on the sentence pronounced, not the length of time actually served."). If, however, part of the sentence of imprisonment is suspended, the Guidelines provide that "sentence of imprisonment" refers "only to the portion that was not suspended." U.S.S.G. § 4A1.2(b)(2).**2**

The Guidelines also address calculation of terms of imprisonment upon revocation of probation. Guideline § 4A1.2(k)(1) states, "Add the original term of imprisonment to any term of imprisonment imposed upon revocation [of probation]." Application Note 11 states, "Rather than count the original sentence and the resentence after revocation as separate offenses, the sentence given upon revocation [of probation] should be added to the original sentence of imprisonment, if any, and the total should be counted as if it were one sentence." U.S.S.G. § 4A1.2(k)(1), commentary n.11.

Dixon argues that the district court erred in assigning two criminal history points because his prior sentences were suspended, and he served a total of only 58 days, which is two days short of the threshold requirement of 60 days under U.S.S.G. § 4A1.1(b). Dixon also argues that the assignment of one criminal history point would have resulted in his placement in Criminal History Category I, instead of Category II. With only one criminal history point, Dixon argues he would have met the criteria for sentencing pursuant to what is called the "safety valve" provision in U.S.S.G. §§ 2D1.1(b)(6) and 5C1.2 (1998). The safety valve combined with Dixon's three-level accep-

---

**2** In the case at hand, the portion of the sentence not suspended was the time actually served.

tance of responsibility reduction would have decreased Dixon's total offense level to Level 23. This reduction to Level 23 would have resulted in a Guideline range for sentencing of 46 to 57 months, instead of the 63 to 78 month range that was referenced for Level 25.

We are of opinion that Dixon's interpretation of the United States Sentencing Guidelines is correct. Initially, § 4A1.2(k)(1) and Application Note 11 instruct that the terms of imprisonment in this case should be aggregated. An initial sentence imposing probation and a sentence upon revocation of that probation are treated as one sentence under the Guidelines. See U.S.S.G. § 4A1.2(k)(1). Application Note 11 states that the sentence given upon revocation should be added to the original sentence, and the total should be counted as if it were one sentence. See U.S.S.G. § 4A1.2(k)(1) commentary n.11. Thus, the time periods of the initial sentence and the sentence imposed upon revocation of probation must be aggregated.

The dispute in this case involves which terms of imprisonment should be aggregated. Although the maximum sentence imposed generally provides the measure for assigning criminal history points under Chapter 4 of the Guidelines, § 4A1.2(b)(2) limits the application of §§ 4A1.1(a)-(c) when a sentence is suspended. See United States v. Tabaka, 982 F.2d 100, 102-103 (3d Cir. 1992). Although we have not previously addressed the specific issue presented in this case, the Court of Appeals for the Third Circuit has set out the proper procedure for applying § 4A1.2(b)(2) in cases where a defendant has received a prior suspended sentence. See Tabaka , 982 F.2d at 101-102. The Third Circuit has stated, "If part of a sentence of imprisonment was suspended, then `sentence of imprisonment' refers only to the portion that was not suspended. If that section[§ 4A1.2(b)(2)] applies here, then only one point, rather than three points, should have been counted . . . ." Tabaka, 982 F.2d at 102; see United States v. Glidden, 77 F.3d 38, 39 (2d Cir. 1996) (aggregating two periods that totaled 60 days and then assigning two criminal history points as directed under section 4A1.1(b)).

In Tabaka, the defendant was indicted in federal court for his involvement in a drug conspiracy. See Tabaka, 982 F.2d at 101. Prior to his indictment, the defendant was arrested and charged in Pennsylvania state court for driving under the influence of alcohol. See

5

Tabaka, 982 F.2d at 101. On March 12, 1991, the state court sentenced him to a term of imprisonment of a minimum of 48 hours to a maximum of 15 months. See Tabaka, 982 F.2d at 101. On March 14, 1991, the state court entered an order suspending the defendant's sentence. See Tabaka, 982 F.2d at 101. The Third Circuit held that the district court erred in assigning three criminal history points instead of one criminal history point to the defendant because all except 48 hours of the defendant's sentence was suspended. See Tabaka, 982 F.2d at 101. Therefore, the 48-hour time served which was not suspended, rather than the sentence imposed, provided the measure for reaching the "at least sixty day" minimum when the original sentence is suspended under § 4A1.2(b)(2).

Similarly, in this case, Dixon's original Florida sentence and the sentence he received for violating probation were suspended, and all of the portion of the sentence not suspended was the time he actually served for both, a total of 58 days. Dixon's original sentence was suspended with credit for the 23 days he served. His sentence upon revocation of probation was also suspended, except for time served of 35 days. Because § 4A1.2(b)(2) instructs that suspended sentences are counted by the time not suspended, rather than the time imposed, and § 4A1.2(k)(1) instructs that an initial sentence imposing probation and a sentence resulting from revocation of that probation are treated as one sentence, the 23-day period and the 35-day period are aggregated. Because this 58-day total is two days less than the "at least sixty days" requirement in section 4A1.1(b), Dixon should have received only one criminal history point.

The sentence of the district court must be vacated and the case remanded for re-sentencing. Upon re-sentencing, the district court will award only one point in the criminal history category under § 4A1.1 and will proceed with the balance of re-sentencing consistent with this opinion.

VACATED AND REMANDED WITH INSTRUCTIONS