**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Richard Sarkis DERIAN, Defendant–Appellant.**

No. 01–1039.

United States Court of Appeals, Sixth Circuit.

Oct. 31, 2001.

Before MERRITT and DAUGHTREY, Circuit Judges; WELLS, District Judge.[*]

*ORDER*

Richard Sarkis Derian, proceeding through counsel, appeals his conviction and sentence for conspiracy to possess with

[*] The Honorable Lesley Brooks Wells, United States District Judge for the Northern District of Ohio, sitting by designation.

intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. Both parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Without benefit of a written plea agreement, Derian pleaded no contest to the above offense, pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), on September 11, 2000. The probation officer calculated Derian's guideline imprisonment range as 57 to 71 months, based in part upon a finding that Derian should be held accountable for between 100 kilograms and 400 kilograms of marijuana. Over numerous objections and a motion for a downward departure due to Derian's ill health, the district court sentenced Derian on December 19, 2000, to the mandatory statutory minimum of 60 months in prison. *See* 21 U.S.C. § 841(b)(1)(B).

In his timely appeal, Derian argues that: 1) the district court erred by sentencing him to the mandatory minimum because the indictment did not indicate a quantity of drugs; 2) he was entitled to a two point reduction in his offense level as a minor participant; 3) his plea was illusory; and 4) the district court erred by assessing him criminal history points under USSG §§ 4A1.2(c) and 4A1.1(d). The government concedes the first argument.

This court reviews a sentencing court's interpretation of the Sentencing Guidelines and sentencing statutes de novo and its factual findings for clear error. *United States v. Swiney*, 203 F.3d 397, 401 (6th Cir.), *cert. denied*, 530 U.S. 1238, 120 S.Ct. 2678, 147 L.Ed.2d 288 (2000).

 Upon review, we conclude—and the government now concedes—that the district court erred by sentencing him to the mandatory minimum. The Supreme Court has limited a sentencing court's authority to make factual findings by holding that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Thus, where drug quantity determines the statutory minimum or maximum sentence, such as for violations of § 841(a), drug quantity must be submitted to the jury and proved beyond a reasonable doubt. *United States v. Ramirez*, 242 F.3d 348, 351–52 (6th Cir.2001). If a jury convicts a defendant of violating § 841(a)(1), but does not find that the defendant possessed the minimum amounts required to qualify for the higher statutory sentencing ranges set forth at § 841(b)(1)(A) or § 841(b)(1)(B), then the defendant must be sentenced within the lowest statutory range. *Ramirez*, 242 F.3d at 352. A sentence which is imposed pursuant to a higher statutory range, but falls within the lowest statutory range, nonetheless violates *Apprendi* when the record indicates that the sentencing court felt constrained by the higher range. *United States v. Garcia*, 252 F.3d 838, 843 (6th Cir.2001).

In the instant case, the minimum term of incarceration was raised from zero months of imprisonment under § 841(b)(1)(D) to a mandatory minimum of sixty months under § 841(b)(1)(B). The government concedes that the indictment did not indicate a quantity of marijuana, and the government acknowledged at the plea hearing that the total amount of marijuana "might fall below 100 kilogram[s]." Because the government did not charge or attempt to prove a quantity of drugs that would permit a mandatory sentence, this case will be remanded for resentencing. *See id.*

 We conclude that Derian was not entitled to a two-point reduction in his

offense level as a minor participant because his base offense level was based solely on drug quantities that Derian had personally transported. Where the larger conspiracy was not taken into account in establishing the defendant's base offense level, no USSG § 3B1.2 adjustment is warranted. *United States v. Roberts,* 223 F.3d 377, 380 (6th Cir.2000).

■ Next, Derian argues that his plea was illusory because the government breached its promise not to object to Derian's motion for a downward departure based on his back troubles and other health problems and because he was not properly advised that the maximum sentence was 60 months. As Derian made no objection below, he has forfeited his right to raise this issue on appeal and this court will review it only for plain error. *See Johnson v. United States,* 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997); *United States v. Carr,* 170 F.3d 572, 577 (6th Cir.1999) (failure to object waives breach of plea agreement). Plain error did not occur as Derian's substantial rights were not affected. The court denied the motion for a downward departure on the merits, after carefully considering Derian's medical records and properly determining that Derian's physical condition was not so debilitating as to warrant a downward departure.

■ Derian's argument that he was not correctly advised about his sentence does not entitle him to have his plea set aside. At the time of his plea, this court had not yet issued its decision in *Ramirez,* requiring that a defendant be sentenced within the lowest statutory range when the drug quantity had not been proven beyond a reasonable doubt. "[A]bsent misrepresentation or other impermissible conduct by state agents, a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." *Brady v. United States,* 397 U.S. 742, 757, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). Furthermore, this is not a case where the intervening law has established that Derian's actions do not constitute a crime. *See United States v. Andrade,* 83 F.3d 729, 731 (5th Cir.1996) *(Bailey* case).

■ Finally, we conclude that Derian was properly assessed one point for a non-support conviction for which he was sentenced to one year probation, even though his probation was terminated a few weeks early. The plain language of the commentary to the Guidelines instructs that "criminal history points are based on the sentence pronounced, not the length of time actually served" and that a "sentence of probation is to be treated as a sentence." *See* USSG § 4A1.2, comment. (n.2). The case cited by Derian, *United States v. Tabaka,* 982 F.2d 100, 101 (3rd Cir.1992), does not provide an exception. In *Tabaka,* a drunk driving conviction was excluded because the defendant had been resentenced from an indeterminate sentence of 48 hours to 15 months, to a sentence of 48 hours in prison with the remaining portion suspended. In the instant case, the sentence originally pronounced was never altered by the sentencing court. Because Derian was properly assessed one point for his non-support conviction, his derivative challenge to the two-point assessment under § 4A1.1(d), for commission of the instant crime while on probation, likewise fails.

Accordingly, the district court's judgment is affirmed in part and vacated in part, and the action is remanded for further proceedings.