UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40525
SUMMARY CALENDAR
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

V.

DAVID GUERRERO-AGUILAR,

Defendant-Appellant.

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
B-01-CR-53-1

_____

December 26, 2001

Before REYNALDO G. GARZA,  JOLLY, and WIENER, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

David Guerrero-Aguilar was indicted in January 2001 on a single count of illegal entry into

the United States following conviction for an aggravated felony.  Guerrero-Aguilar pleaded guilty

without a plea agreement.  Presentence Investigative Report ("PSR") calculations assigned him a

total offense level of 21 and a subtotal criminal history of seven.  The PSR also recommended that

Guerrero-Aguilar's criminal history score be increased by two points due to a September 1996

battery conviction in Georgia state court and by an additional three points for a Georgia state

_____

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

aggravated-assault conviction in 2000. As a result, Guerrero-Aguilar's sentencing range was from 57-71 months followed by two to three years of supervised release. He was sentenced to 65 months in prison and a three-year period of supervised release.

Guerrero-Aguilar's sole issue on appeal is that the district court erred in assessing him two criminal history points for the 1996 conviction and three such points based upon the 2000 conviction. He notes that he spent only three weeks in jail before being deported following the 1996 conviction and only nine days in jail following the 2000 conviction.

Guerrero-Aguilar argues that, pursuant to U.S.S.G. § 4A1(b)(2), the suspended portions of these sentences should not have been counted in computing his criminal history and that each of these convictions should have thus received only one criminal point. Were these convictions to receive one point apiece, Guerrero-Aguilar's total criminal history score would have been six rather than nine, and his sentencing range would have spanned from 46-57 months.

Guerrero-Aguilar concedes that he failed to object to the criminal history calculation at trial. In fact, his counsel filed a "Notice of No Objections" following the presentence investigative report's calculations. While this court otherwise reviews a district court's application of a sentencing guideline de novo, see United States v. Reyna-Espinosa, 117 F.3d 826, 828 (5th Cir. 1997), because defense counsel failed to object, this court is restricted to the plain error standard of review. See United States v. Calverley, 37 F.3d 160, 162 (5th Cir. 1994)(en banc).

For plain error to be found, the appellant must establish: (1) that there has been an error; (2) that the error was clear or obvious; (3) and that the error affects the appellant's substantial rights. See id., 37 F.3d at 162-64. "Review of sentences imposed under the guidelines is limited to a determination whether the sentence was imposed in violation of law, as a result of an incorrect application of the sentencing guidelines, or was outside the applicable guideline range and was

2

unreasonable.  United States v. Matovsky, 935 F.2d 719, 721 (5th Cir. 1991).  Thus, we must now determine whether the district court's calculation was based upon an incorrect application of the Guidelines under the stringent plain-error standard of review.

A defendant's criminal history is determined by assigning points based on the "sentence of imprisonment" imposed for each offense.  U.S.S.G. § 4A1(a)-(c).  A sentence of more than 13 months warrants three points, while one resulting in between 60 days and 13 months receives two points, and all remaining sentences receive a single point each.  Id.  The Guidelines define the term "sentence of imprisonment" as "a sentence of incarceration and refer[ring] to the maximum term imposed."  U.S.S.G. § 4A1.2(b)(1).  However, the Guidelines also state that if "part of the sentence of imprisonment was suspended, 'sentence of imprisonment' refers only to the portion that was not suspended."  U.S.S.G. § 4A1.2(b)(2).  Guerrero-Aguilar relies upon this provision in challenging the district court's inclusion of the suspended portion of his 1996 and 2000 sentences in calculating his criminal history points.  The government contends that sentence suspensions resulting from the deportation of the defendant should not be treated as suspended sentences for the purposes of § 4A1.2 calculations and that, in the alternative, such inclusion of the suspended portion of the sentence in computing Guerrero-Aguilar's criminal history was not plain error.

This Court has not yet addressed whether § 4A1.2(b)(2) applies to sentences suspended due to deportation, and Guerrero-Aguilar relies principally on two cases from other circuits, United States v. Tabaka, 982 F.2d 100 (3d Cir. 1992), and United States v. Dixon, 230 F.3d 109 (4th Cir. 2000), both of which held that a suspended sentence should not be counted for the purpose of tallying criminal history points under§ 4A1(b)(2).  Neither of these cases, however, involved a suspension due to deportation and, perhaps more central to our holding, neither case was decided under the plain-error standard of review.

3

In a recent unpublished opinion, the Second Circuit held that a sentence suspended upon a defendant's deportation was not suspended for the purposes of § 4A1(b)(2). See United States v. Hernandez, No. 00-1754, 2001 WL 1411798, *2 (2d. Cir. Nov. 8, 2001). The court found that suspensions does not "refer to time not served because of the decision of a government agency, here the INS, [that] deported [the defendant] prior to the expiration of his sentence; it refers to the judicial authority of a court." Id. The court thus held that because Hernandez's Pennsylvania sentence exceeded one year and one month, and because his deportation prior to the expiration of that sentence does not constitute a 'suspension,' the [district] court correctly assigned him three criminal history points for his 1992 conviction." Id.

Though Hernandez is nonprecedential authority, it is relevant to a plain-error analysis for two reasons. First, this court has not yet interpreted § 4A1(b)(2). Second, Hernandez supports the government's assertion that it is not plain error to hold that a sentence suspended upon deportation has not been suspended for the purposes of § 4A1(b)(2). Given the unsettled nature of the issue in this Circuit, to assume that a sentence suspended by another branch of the government is not a suspended sentence for the purposes of § 4A1(b)(2) is not a clear or obvious error.

Because trial counsel for Guerrero-Aguilar failed to object at trial, this court is restricted to plain-error review. We therefore need not now decide whether, under a de novo standard, error was committed. We are satisfied that any error was not "clear or obvious," Calverley, 37 F.3d at 162-64 (5th Cir. 1994), and, accordingly, AFFIRM the judgment of the district court.

4