FILED
United States Court of Appeals
Tenth Circuit

**January 18, 2011**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DARCY ALLEN MINTON,

Defendant - Appellant.

No. 09-8104
(D. Ct. No. 1:09-CR-00027-CAB-1)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **KELLY**, and **GORSUCH**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-appellant Darcy Allen Minton appeals the sentence imposed following his plea of guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). We exercise jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we AFFIRM.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

On November 20, 2008, Wyoming law enforcement officers went to Mr. Minton's residence to investigate a complaint that he had sexually abused a minor. Mr. Minton consented to a search of his home, during which the officers discovered three firearms. He was ultimately arrested and felony charges were filed against him in Wyoming court based on the alleged sexual abuse. After spending 229 days incarcerated in a Wyoming jail, Mr. Minton pleaded no contest to felony child abuse in violation of Wyo. Stat. Ann. § 6-2-503(a)(ii)(B).

The state court's sentencing order explains that Mr. Minton "shall receive credit for presentence confinement of Two Hundred Twenty Nine (229) days." The order further mandates that Mr. Minton "shall be remanded to the custody of the Sheriff, to be delivered by him to the Department of Corrections, to be housed in a penal institution . . . for not less than Three (3) years, nor more than Five (5) years, receiving Two Hundred Twenty Nine (229) days credit of both the minimum and maximum sentence." Finally, the order states that "the term of incarceration is hereby suspended and [Mr. Minton] is placed on Four (4) years supervised probation."

On December 10, 2008, during the intervening period between Mr. Minton's arrest and his sentencing in the Wyoming court, federal officials interviewed him regarding the firearms discovered in his home. Mr. Minton admitted that he had previously been convicted of a federal felony, and he acknowledged that he knowingly possessed the three firearms in his home. He was charged with, and ultimately pleaded guilty to, being a

- 2 -

felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

Mr. Minton's federal pre-sentence investigation report ("PSR") determined that he qualified as a Criminal History Category II offender. This determination was premised on the addition of two criminal history points because of Mr. Minton's 229 days of pre-sentence confinement in a Wyoming jail. *See* United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 4A1.1(b) ("Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a)."). Mr. Minton objected to the addition of two criminal history points, arguing that his entire sentence, including the 229 days of pre-sentence confinement, had been suspended by the Wyoming court. Accordingly, Mr. Minton asserted that he should receive only one criminal history point under U.S.S.G. §§ 4A1.1(c) and 4A1.2(a)(3). *See id.* §§ 4A1.1(c) ("Add 1 point for each prior sentence not counted in (a) or (b)") and 4A1.2(a)(3) ("A conviction for which the imposition or execution of sentence was totally suspended or stayed shall be counted as a prior sentence under § 4A1.1(c)."). The district court rejected Mr. Minton's argument and adopted the PSR's criminal history computation. Mr. Minton was ultimately sentenced to 21 months' imprisonment. He now appeals that sentence.

## II. DISCUSSION

On appeal, Mr. Minton challenges the district court's addition of two criminal history points under § 4A1.1(b). He contends that the time he served in the state matter was not a "prior sentence of imprisonment" under the Guidelines because he did not serve it pursuant to a state court order. Rather, he maintains that he served prison time on his

state conviction only because he could not afford to post bond. Additionally, Mr. Minton contends that the state court totally suspended his sentence, including the 229 days he had already served prior to sentencing. Thus, he argues that the district court should have added only one criminal history point under §§ 4A1.1(c) and 4A1.2(a)(3), rather than the two points it added under § 4A1.1(b). "We review the district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error." *United States v. Cruz-Alcala*, 338 F.3d 1194, 1196 (10th Cir. 2003).

The Guidelines generally calculate a defendant's criminal history score based on the sentences imposed for his prior offenses. Indeed, § 4A1.1(a) provides for the addition of three criminal history points "for each prior sentence of imprisonment exceeding one year and one month," § 4A1.1(b) provides for the addition of two criminal history points "for each prior sentence of imprisonment of at least sixty days not counted in (a)," and § 4A1.1(c) provides for the addition of one criminal history point "for each prior sentence not counted in (a) or (b)."

The Guidelines distinguish between a "prior sentence" under § 4A1.1(c) and a "sentence of imprisonment" under § 4A1.1(a) and (b) based on whether the defendant in fact served prison or jail time. A "prior sentence" is broadly defined as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). A "sentence of imprisonment," on the other hand, is more narrowly defined as "a sentence of incarceration." *Id*. § 4A1.2(b)(1). Indeed, "[t]o qualify as a sentence of imprisonment,

- 4 -

the defendant must have actually served a period of imprisonment on such sentence." *Id.* § 4A1.2 cmt. n.2. Accordingly, "[a] conviction for which the imposition or execution of sentence was totally suspended or stayed shall be counted as a prior sentence under § 4A1.1(c)." *Id.* § 4A1.2(a)(3).

Under these definitions, the time Mr. Minton was incarcerated while awaiting sentencing on the state matter qualifies as a "sentence of imprisonment." Mr. Minton actually served 229 days in a Wyoming jail, and that time was served pursuant to the sentence imposed by the Wyoming court. Contrary to Mr. Minton's claims on appeal, the fact that he was incarcerated before being sentenced does not necessarily mean that his pre-sentence confinement was not part of the sentence that was ultimately imposed.

In *Cruz-Alcala*, the defendant argued that a sentence of probation that he received in 1999, which included a condition that he serve 320 days imprisonment, subjected him to only one criminal history point under § 4A1.1(c) rather than two points under § 4A1.1(b). 338 F.3d at 1198–99. Notably, under the 1999 sentencing order, the defendant was found to have already satisfied the 320 days' imprisonment requirement through time he had served on an earlier conviction and by good-time credit. *Id.* at 1199. We noted that "[t]he Guidelines make no distinction as to how or when the defendant must serve the sentence, such as receiving time off for good behavior, surrendering voluntarily at some future date or getting credit for time spent awaiting trial." *Id.* at 1199–1200 (internal quotations omitted). Accordingly, we held that the time the defendant had served on the earlier offense was part of the punishment imposed in the 1999 sentencing order, and that

- 5 -

the defendant was therefore subject to the addition of two criminal history points under § 4A1.1(b) because of his 1999 sentence. *Id.*

Here, the Wyoming court explicitly took the period of pre-sentence confinement into account in fashioning Mr. Minton's sentence. Indeed, it expressly gave him credit for that time served by reducing both the minimum and maximum prison sentences it imposed by 229 days. Thus, we conclude that Mr. Minton's pre-sentence confinement was part of the punishment ultimately imposed by the Wyoming court, and that it qualifies as a "prior sentence of imprisonment" under the Guidelines.

Although Mr. Minton's pre-sentence confinement was a "prior sentence of imprisonment," he is not subject to the addition of two criminal history points if, as he claims, the Wyoming court totally suspended his sentence, including the 229 days he had already served. The government contends that it would have been impossible for the district court to suspend the 229 days because "to suspend time actually served and credited would be to unring a bell." We need not address this issue, however, because even assuming that a court is capable of suspending time that has already been served, we agree with the district court that the language and structure of the Wyoming court's sentencing order indicates that it did not, in fact, suspend the 229 days Mr. Minton served prior to being sentenced.

At the outset, the sentencing order states that Mr. Minton "shall receive credit for presentence confinement of Two Hundred Twenty Nine (229) days." Next, the order sets forth Mr. Minton's sentence, which includes an indeterminate term of incarceration "in a

penal institution . . . for not less than Three (3) years, nor more than Five (5) years, receiving Two Hundred Twenty Nine (229) days credit of both the minimum and maximum sentence." Finally, the order states that "the term of incarceration is hereby suspended and the Defendant is placed on Four (4) years supervised probation." Considering that the Wyoming court subtracted the 229 days of pre-sentence confinement from the prison sentence it imposed, it follows that it also subtracted the 229 days from the "term of incarceration" it suspended. Furthermore, Mr. Minton does not point to any language in the Wyoming court's sentencing order or evidence elsewhere in the record which suggests that the court intended to suspend the time he had already served. Consequently, Mr. Minton has a prior sentence of imprisonment of at least sixty days which has not been totally suspended or stayed, and he is therefore subject to the addition of two criminal history points under § 4A1.1(b).

### III. CONCLUSION

For the foregoing reasons, we conclude that the district court correctly determined Mr. Minton's criminal history category. Therefore, we AFFIRM.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge