## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50131

United States Court of Appeals
Fifth Circuit

**FILED**

February 24, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

EDWARD FERNANDEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas

Before STEWART, Chief Judge, and GARZA and SOUTHWICK, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Edward Fernandez ("Fernandez") was convicted of methamphetamine-related offenses. Under the United States Sentencing Guidelines, the sentencing judge assessed two criminal history points for Fernandez's prior sentence of imprisonment. On appeal, Fernandez submits that the district court committed reversible error in assessing two points rather than only one, because his prior sentence did not involve imprisonment. We affirm the district court's judgment.

**I**

Fernandez was charged with Possession with Intent to Distribute Five or More Grams of Actual Methamphetamine in violation of 21 U.S.C. §§

No. 13-50131

841(a)(1), (b)(1)(B) and Aiding and Abetting in the Distribution of a Quantity of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2. Fernandez pleaded guilty to both counts.

At sentencing, the district court consulted Fernandez's Revised Presentence Investigation Report ("RPSR"). The RPSR assessed two criminal history points pursuant to § 4A1.1(b) of the Sentencing Guidelines, based on a 2007 assault conviction in Colorado. For this assault conviction, Fernandez was sentenced to 24 months in jail. However, he received a 254-day credit for time served, and the sentence was suspended, under the condition that he paid fines and costs.[1]

Fernandez objected to the two-point assessment for the Colorado conviction prior to sentencing, contending that because the sentence was fully suspended, he should have been assessed a one-point enhancement under § 4A1.1(c), rather than two points under § 4A1.1(b). The two-point assessment brought Fernandez's criminal history points to a total of four, resulting in a Criminal History Category of III. Accordingly, his Guidelines sentencing range was 70 to 80 months. A one-point assessment would have reduced his Criminal History Category from III to II, and the applicable sentencing range would have been 63 to 78 months.

The district court overruled this objection and adopted the RPSR's recommended range. The district court's reasoning hinged on the 254-day credit:

---

[1] The Colorado judgment reads:
    Credit for Time Served: 254 Days
    Jail SUSPENDED: 24 Months
    . . .
    Other Conditions of Sentence: JAIL SUSPENDED ON CONDITION DEF PAYS ALL FINES AND COSTS BY END OF YEAR.

No. 13-50131

> The Court finds that [Fernandez] sat in jail for 254 days, according to the judgment. He was—he was sentenced to 24 months, and he got credit for 254 days. And so the Court declines to grant [Fernandez's] objection.

After explaining that it had considered the § 3553(a) factors, hearing testimony, the RPSR contents, and Fernandez's allocution, the district court sentenced Fernandez to a term of 70 months, with five years of supervised release, based on a total offense level of 25 and Criminal History Category of III. Fernandez now appeals his sentence.

## II

Where a defendant preserves a Sentencing Guidelines-based objection to a sentence, we review a district court's calculation of the Guidelines range *de novo*, factual findings for clear error, and the ultimate sentence for abuse of discretion. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

## III

On appeal, Fernandez contends that the district court committed reversible error in assessing two points to his criminal history on the basis of his prior Colorado sentence.

Under the Guidelines, a defendant's criminal history score is based on sentences imposed for prior offenses. Under § 4A1.1(a), three points are added to a defendant's criminal history "for each prior sentence of imprisonment exceeding one year and one month," and under § 4A1.1(b), two points are added "for each prior sentence of imprisonment of at least sixty days not counted in (a)." § 4A1.1(c) provides that only one point is assessed "for each prior sentence not counted in (a) or (b)," up to a total of four points.

§ 4A1.2(b) defines "sentence of imprisonment":

No. 13-50131

(1) The term "sentence of imprisonment" means a sentence of incarceration and refers to the maximum sentence imposed.

(2) If part of a sentence of imprisonment was suspended, "sentence of imprisonment" refers only to the portion that was not suspended.

*Id.* § 4A1.2(b)(1), (2).[2]  In other words, "[a]lthough the maximum sentence imposed generally provides the measure for assigning criminal history points [pursuant to § 4A1.2(b)(1)], § 4A1.2(b)(2) limits the application of §§ 4A1.1(a)-(c) when a sentence is suspended." *United States v. Dixon*, 230 F.3d 109, 112 (4th Cir. 2000).  Additionally, where a prior sentence was "totally suspended or stayed," it is treated as a one-point prior sentence under § 4A1.1(c).  U.S.S.G. § 4A1.2(a)(3); *see also United States v. Atkinson*, 15 F.3d 715, 721 (7th Cir. 1994) (explaining same provision).

In *United States v. Minton*, the Tenth Circuit considered whether a "credit" for time served qualified for Guidelines purposes as a non-suspended portion of an otherwise suspended sentence.  407 F. App'x 336 (10th Cir. 2011) (unpublished).  In connection with a prior state court conviction, Minton had served 229 days in pre-sentence confinement.  The state court's sentencing order gave him "credit" for this period and articulated his sentence as three to five years, with Minton "receiving Two Hundred Twenty Nine (229) days credit

---

[2] The Commentary to § 4A1.2(b) further clarifies that:

> [t]o qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence . . . .  For the purposes of applying § 4A1.1(a), (b) or (c), the length of a sentence of imprisonment is the stated maximum . . . .  That is, criminal history points are based on the sentence pronounced, not the length of time actually served.  A sentence of probation is to be treated as a sentence under § 4A1.1(c) unless a condition of probation requiring imprisonment of at least sixty days was imposed.

*Id.* § 4A1.2 cmt. n.2 (citations omitted).

No. 13-50131

of both the minimum and maximum sentence." *Id.* at 338. But the court ultimately suspended this sentence and mandated four years of supervised probation. *Id.* The Tenth Circuit reasoned that the state court "explicitly took the period of pre-sentence confinement into account" in determining the sentence; accordingly, the confinement was "part of the punishment ultimately imposed" by the state court. *Id.* at 339. Thus, the period of actual confinement was not suspended, despite suspension of the rest of the sentence. And because this period exceeded 60 days, the court concluded that Minton was properly assessed two criminal history points for a prior sentence of imprisonment under § 4A1.1(b). *Id.* at 340.

## A

Fernandez first contends that his prior sentence could not have been a "prior sentence of imprisonment of at least sixty days" under § 4A1.1(b) since the sentence was suspended in its entirety.

Here, it is undisputed that at least part of Fernandez's 24-month sentence "was suspended." U.S.S.G. § 4A1.2(b)(2). Thus, the "maximum sentence imposed" will not be the basis for assessing Fernandez's criminal history points. *Id.* § 4A1.2(b)(1); *Dixon*, 230 F.3d at 112. Rather, the central question is whether Fernandez's 254-day credit was a portion of the sentence that "was not suspended," notwithstanding the fact that the judgment provides for a 24-month suspended sentence. *Id.* § 4A1.2(b)(2). If so, then this non-suspended portion functions as the "sentence of imprisonment" under § 4A1.1, and the two-point assessment was proper because 254 days exceeds 60 days. *Id.* Alternatively, if the sentence was "totally suspended," then Fernandez should be assessed only one point under § 4A1.1(c). *Id.* § 4A1.2(a)(3).[3] In the

---

[3] The statutory maximum for the relevant assault offense (assault in the third degree) was two years. Colo. Rev. Stat. §§ 18-3-204, 18-1.3-501(3). Thus, a third logical possibility

latter case, we would need to remand for re-sentencing, since the Government has not alleged that the district court would have imposed the same sentence notwithstanding the error.[4]

The text of the Guidelines is not dispositive, since its provisions do not explicitly contemplate a suspension and time-served credit operating together as they do in this case. That is, the Guidelines do not explain whether, despite a sentencing order's literal suspension of a prior sentence in its entirety, a time-served credit constitutes a non-suspended portion of that sentence for Guidelines purposes.

The reasoning of *Minton* is persuasive, and we adopt it here. We hold that because a time-served "credit" noted in a prior sentencing order cannot be suspended, the period credited serves as the measure for assessing criminal history points in accordance with § 4A1.2(b)(2) of the Sentencing Guidelines when the prior sentence is otherwise suspended. Like the state court order in *Minton*, the Colorado sentencing order here provided time-served credit for a period of confinement while ultimately suspending the sentence. The Colorado order's language "Credit for Time Served" necessarily implies that the court accorded a sentence-reducing value to Fernandez's pretrial confinement—that the court "explicitly took the period of pre-sentence confinement into account." *Minton*, 407 F. App'x at 339. Thus, as in *Minton*, Fernandez's sentence was not suspended in full, and because the non-suspended portion exceeded 60 days, the district court correctly assessed two criminal history points under § 4A1.1(b).[5] U.S.S.G. § 4A1.2(b)(2).

---

is precluded—that the 24-month sentence was suspended in full, but that the credited 254-day period was an additional, non-suspended punishment.

[4] *See United States v. Harris*, 597 F.3d 242, 261 (5th Cir. 2010).

[5] Fernandez's brief explains quite concisely why the 254-day "credit" was *not* suspended: "[T]he 254 day pretrial credit . . . [was] a credit applied toward the completion and satisfaction of the 2 year time period of the suspended sentence. In other words,

No. 13-50131

## B

Fernandez's other theory about his prior sentence is unavailing.

Fernandez characterizes his suspended 24-month sentence as a "sentence of probation [that] is to be treated as a sentence under § 4A1.1(c) unless a condition of probation requiring imprisonment of at least sixty days was imposed." *Id.* § 4A1.2 cmt. n.2. Fernandez correctly notes that his pretrial incarceration was "not a condition" of his suspended sentence; the Colorado sentencing order conditioned his suspended sentence on payment of fines and costs and not on incarceration. But his contention rests on the mistaken premise that his suspended sentence is equivalent to a "sentence of probation" under the commentary to § 4A1.2. *Id.* As the district court explained, Fernandez was given a suspended sentence, not probation. Thus, there is no "sentence of probation" meriting only one criminal history point "as a sentence under § 4A1.1(c)." *Id.*

In sum, although Fernandez's incarceration occurred prior to a determination of his guilt, his ultimate sentence was premised on the fact that he had served time. In this way, his time-served credit was incorporated into his sentence.[6]

---

Fernandez was subject to the suspended sentence for 2 years less the 254 days." We acknowledge that the state court here did not recognize the time-served credit as "explicitly" as the sentencing court did in *Minton*; here, the court did not reduce the 24-month sentence by 254 days prior to suspending the remaining balance. *Minton*, 407 F. App'x at 339. But on the record before us, we are satisfied that this "credit" was not suspended.

[6] Compare this to the Ninth Circuit's reasoning that "when the reason behind a period of incarceration is administrative necessity, rather than an adjudication of guilt, this period of incarceration says nothing about the defendant's culpability . . . [and] may not provide a basis for sentence enhancement." *United States v. Latimer*, 991 F.2d 1509, 1517 (9th Cir. 1993) (concluding that detention while awaiting parole revocation hearing was "analogous to pretrial custody" and could not result in Guidelines points assessment). Here, although Fernandez's pretrial incarceration might have initially grown out of "administrative necessity," his later receiving "credit" for time served linked the incarceration to an "adjudication of guilt." *Id.*; *see also United States v. Cruz-Alcala*, 338 F.3d 1194, 1200 (10th Cir. 2003) (distinguishing *Latimer* on same grounds).

No. 13-50131

## C

Lastly, we note that the Government misunderstands this case. The Government's application of the law to these facts consists of a one-paragraph, two-step analysis: (1) Because Fernandez's pretrial confinement was some amount of time "actually served," (2) the applicable sentence of imprisonment is the entire 24-month "sentence pronounced," which exceeds 60 days for the purposes of § 4A1.1(b).

The Government curiously disregards the critical fact of this case—the suspension of Fernandez's sentence. The Government relies on § 4A1.2(b)(1) and its commentary, which provide that the "sentence imposed" is the basis for assessing criminal history points, so long as some time is actually served on that sentence. *Id.* § 4A1.2(b)(1).[7] But under the Guidelines, this approach is inapplicable whenever a prior sentence is suspended. Rather, when a suspended prior sentence is at issue, the sentencing court must assess criminal history points based only on the non-suspended portion of the sentence. *Id.* § 4A1.2(b)(2); *Dixon*, 230 F.3d at 112. The Government's approach writes § 4A1.2(b)(2) out of the Guidelines and is thus untenable.[8]

## IV

For the foregoing reasons, we conclude that the district court did not err in assessing two criminal history points for Fernandez's prior Colorado sentence, and the judgment of the district court is AFFIRMED.

---

[7] *See supra* n.2.

[8] *Cf. United States v. Tabaka*, 982 F.2d 100 (3d Cir. 1992) (holding that under § 4A1.2(b)(2), only non-suspended 48 hours of sentence, not original pre-suspension sentence, counted toward 60 day minimum under § 4A1.1(b)). Furthermore, the Government incorrectly relies on *United States v. Staples*, 202 F.3d 992 (7th Cir. 2000). *Staples* explained that suspended sentences and time-served credits are distinct and did not consider their potential overlap; it is thus unhelpful to resolving this case. *See id.* at 997–98.