# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 9, 2021

Lyle W. Cayce
Clerk

No. 20-30633
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Dillan Smith,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:19-CR-146-1

Before Wiener, Southwick, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Defendant-Appellant Dillan Smith pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g), and was sentenced within the advisory guidelines range to 24 months of imprisonment. On appeal, Smith maintains that the district court erred in assigning a criminal

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

history score of III rather than II.  He specifically contends that the court erred in assessing two criminal history points for his 2013 Louisiana conviction for indecent behavior with a juvenile, for which he received a seven-year suspended sentence with credit for time served prior to trial and sentencing.  He complains that time served on pretrial detention for a conviction resulting in a suspended sentence should not count as a "sentence of imprisonment" for assessing criminal history points under the Guidelines.

The Government is correct that *United States v. Fernandez*, 743 F.3d 453, 457 (5th Cir. 2014), controls here.  Because, as in *Fernandez*, Smith's time-served credit could not be suspended, his eight-month pretrial custody serves as the "sentence of imprisonment" for purposes of U.S.S.G. §§ 4A1.1(b) and 4A1.2(b)(2), and he was properly assessed two criminal history points for that conviction.  *See Fernandez*, 743 F.3d at 457.

Smith's attempt to distinguish *Fernandez* from his case is unpersuasive.  His request that this panel revisit *Fernandez* is unavailing: One panel of this court may not overrule a decision made by a prior panel "[a]bsent an intervening Supreme Court or en banc decision or a change in statutory law." *United States v. Treft*, 447 F.3d 421, 425 (5th Cir. 2006).

AFFIRMED.