142 F.3d 447
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Jorge VIVEROS-CASTRO, Defendant-Appellant.
 No. 97-50307.
D.C. No. CR-97-00823-GT.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted April 20, 1998.**
Decided April 24, 1998.
 
 Appeal from the United States District Court for the Southern District of California, Gordon Thompson, Jr., District Judge, Presiding.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jorge Viveros-Castro appeals the 30-month sentence imposed following his guilty plea to one count of transportation of illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.
 
 
 3
 We review de novo the district court's interpretation of the United States Sentencing Guidelines (the "Guidelines"), and we review its application of the Guidelines to the facts of a particular case for an abuse of discretion. See United States v. Garcia, 135 F.3d 667, 669 (9th Cir.1998). The district court's decision to depart from the Guidelines is reviewed for an abuse of discretion. See United States v. Sablan, 114 F.3d 913, 916 (9th Cir.1997) (en banc), cert. denied, --- U.S. ----, 118 S.Ct. 851, 139 L.Ed.2d 752 (1998).
 
 
 4
 In calculating Viveros-Castro's sentence, the district court departed upward two levels based on the dangerous and inhumane treatment of the aliens transported. See U.S.S.G. § 2L1.1, comment. (n. 5) (1995). Viveros-Castro contends that the upward departure was an abuse of discretion because the circumstances underlying his offense were not outside the "heartland" of alien smuggling cases. This contention lacks merit because the district court identified factors which took Viveros-Castro's case outside the "heartland," and expressly relied on those permissible grounds for departure. See id. ("an upward departure may be warranted" if the offense involved dangerous or inhumane treatment); Sablan, 114 F.3d at 916-17; see also United States v. Gomez, 901 F.2d 728, 729 (9th Cir.1990) (recognizing, under earlier version of the Guidelines, that inhumane and dangerous treatment is appropriate ground for departure in similar circumstances). Because the district court's justification for and extent of departure from the Guidelines were not unreasonable, we find no abuse of discretion. See U.S.S.G. § 2L1.1, comment. (n. 5); Sablan, 114 F.3d at 919.
 
 
 5
 Viveros-Castro next contends that, by departing upward, the district court improperly disregarded sentencing recommendations set forth in the plea agreement. After a de novo review, see United States v. Graibe, 946 F.2d 1428, 1431 (9th Cir.1991), we reject this contention because the plea agreement itself expressly stated that the sentencing recommendations would not be binding on the district court, see Fed.R.Crim.P. 11(e)(1)(B); Graibe, 946 F.2d at 1432 (explaining consequences of a Fed.R.Crim.P. 11(e)(1)(B) plea agreement); see also United States v. Lewis, 979 F.2d 1372, 1375 (9th Cir.1992) (stating that plea agreements are governed by contract principles; the court is not a party to the agreement and may reject it).
 
 
 6
 Viveros-Castro's contention that the upward departure was "an improper 'end run' around the Ex Post Facto Clause" lacks merit because there is no indication in the record that the district court did anything other than apply the Guidelines in effect at the time of Viveros-Castro's sentencing. Cf. United States v. Canon, 66 F.3d 1073, 1080-81 (9th Cir.1995).
 
 
 7
 Finally, Viveros-Castro contends that the district court erred in computing his criminal history points under the Guidelines only with regard to his prior sentence for auto theft. Because Viveros-Castro failed to object in the district court, we review for plain error, see United States v. Lopez-Cavasos, 915 F.2d 474, 475-76 (9th Cir.1990), and find none. Viveros-Castro was sentenced to a term of three years probation with a condition that he serve in excess of sixty days in custody. See U.S.S.G. § 4A1.1(b), § 4A1.2, comment (n. 2) (1995) (stating that for purposes of calculating criminal history points, a sentence of probation is treated as a sentence of imprisonment when a condition of probation requires imprisonment of at least sixty days). Although Viveros-Castro claims that he only served, at most, 55 days, "criminal history points are based on the sentence. pronounced, not the length of time actually served." See U.S.S.G. § 4A1.2, comment. (n. 2). Accordingly, the district court did not err by adding two criminal history points pursuant to U.S.S.G. 4A1.1(b).[1] See id.; Lopez-Cavasos, 915 F.2d at 475-76.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We reject Viveros-Castro's contention that the rule of lenity should be applied to him because the challenged Guidelines are not ambiguous. See United States v. Johnson, 130 F.3d 1352, 1355 (9th Cir.1997)