F I L E D
United States Court of Appeals
Tenth Circuit

AUG 11 2003

PATRICK FISHER
Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CANDIDO CRUZ-ALCALA,

Defendant-Appellant.

No. 02-2290

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. NO. CR-01-592-MV)

---

Floyd W. Lopez, of Floyd W. Lopez, P.A., Albuquerque, New Mexico, for
Defendant-Appellant.

Norman Cairns, Assistant United States Attorney (David C. Iglesias,
United States Attorney, with him on the brief), Albuquerque, New Mexico, for
Plaintiff-Appellee.

---

Before **HARTZ** , **BALDOCK** , and **McCONNELL** , Circuit Judges.

---

**HARTZ** , Circuit Judge.

---

Defendant Candido Cruz-Alcala appeals the sentence he received on his

conviction for possession with intent to distribute methamphetamine, in violation

of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Our jurisdiction arises under 18 U.S.C. § 3742(a). Finding no error, we affirm.

## I. BACKGROUND

Defendant was arrested at a bus station in Albuquerque, New Mexico, after police discovered two packages containing methamphetamine taped to his thighs. He subsequently pleaded guilty to possession with intent to distribute methamphetamine.

In calculating his sentence under the United States Sentencing Guidelines (USSG), the Presentence Report (PSR) assigned Defendant four criminal history points under USSG § 4A1.1(b) and (c) based on three prior uncounseled misdemeanor convictions for which he had received jail time. It added another five points based on a 1999 California conviction for "Maintaining a Place Where Controlled Substances are Used or Sold" (the "1999 Conviction")—two points because Defendant had been sentenced to over 60 days' imprisonment for that crime, *see* USSG § 4A1.1(b); two more points because he committed the instant offense while on probation for the 1999 Conviction, *see* USSG § 4A1.1(d); and one point because he committed the instant offense less than two years after his release from prison for the 1999 Conviction, *see* USSG § 4A1.1(e). This total of nine criminal history points placed Defendant in Criminal History Category IV, which, when combined with an adjusted offense level of 28, resulted in a

recommended guideline imprisonment range of 110-137 months.  Over Defendant's objections the district court adopted the PSR's recommendations.  On October 8, 2002, the court sentenced him to 110 months' imprisonment and 4 years' supervised release.

On appeal Defendant argues that the district court miscalculated his sentence in the following three respects:  (1) the court erred when it considered the uncounseled misdemeanor convictions as part of the criminal history calculus, because those convictions were constitutionally infirm; (2) the court assessed excessive criminal history points for the 1999 Conviction, because he received only a suspended sentence for that crime; and (3) the court erred when it failed to apply an amendment to the Sentencing Guidelines that became effective after Defendant was sentenced.  "We review the district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error."  *United States v. Turner*, 285 F.3d 909, 915 (10th Cir.) (internal quotation marks omitted), *cert. denied*, 123 S. Ct. 180 (2002).  We conclude that Defendant's claims lack merit.

## II.  DISCUSSION

### A.  Prior misdemeanor convictions

Defendant challenges the district court's use of three prior misdemeanor convictions to enhance his sentence under USSG § 4A1.1(b) and (c).  He claims

that the convictions are constitutionally invalid because he was denied the right to counsel. It is undisputed that he had a right to counsel in the prior proceedings because each resulted in a sentence of imprisonment. *See Scott v. Illinois*, 440 U.S. 367, 373-74 (1979). It is also undisputed that he was not represented by counsel in those proceedings. Nevertheless, the right to counsel can be waived. *See United States v. Windle*, 74 F.3d 997, 1001 (10th Cir. 1996). The dispute here concerns whether Defendant knowingly, voluntarily, and intelligently waived his right to counsel in the misdemeanor proceedings.

Before addressing the merits, we note that the Government has not disputed Defendant's right to challenge the validity of his waiver of counsel. Indeed, the Government neglected to cite a 1993 amendment to the Sentencing Guidelines that bars collateral attacks on prior convictions unless "otherwise recognized in law." USSG § 4A1.2, comment. (n.6) ("With respect to the current sentencing proceeding, this guideline and commentary do not confer upon the defendant any right to attack collaterally a prior conviction or sentence beyond any such rights otherwise recognized in law . . . ."). In *United States v. Garcia*, 42 F.3d 573, 581 (10th Cir. 1994), this court, relying on *Custis v. United States*, 511 U.S. 485, 496-97 (1994), held that in a sentencing proceeding under the Guidelines a defendant may not collaterally attack a prior conviction except on the ground of a "complete denial of counsel." *See also United States v. Simpson*, 94 F.3d 1373, 1381 (10th

Cir. 1996) (barring collateral attack based on involuntariness of guilty plea). There is, however, no precedential authority from this court regarding whether an involuntary or unknowing waiver of counsel causes a "complete denial of counsel." *But cf. United States v. Molina-Barajas*, No. 01-2195, 2002 WL 31105243 (10th Cir. 2002) (unpublished). Because the Government has not raised the point, we will not resolve the matter here. Addressing, therefore, only the issue before us, we conclude that Defendant has failed to establish that his prior misdemeanor convictions are constitutionally infirm.

The convictions at issue are for two 1998 driving-under-the-influence (DUI) offenses and one 1997 petty-theft offense. Defendant does not dispute that the prosecution established the existence of those convictions, but he contends that it failed to prove that the convictions were constitutional. Defendant misapprehends the burden of persuasion. "Once the prosecution establishes the existence of a conviction, the *defendant* must prove by a preponderance of the evidence that the conviction was constitutionally infirm." *Windle,* 74 F.3d at 1001 (emphasis added). Moreover, there is a "'presumption of regularity' that attaches to final judgments, even when the question is waiver of constitutional rights." *Parke v. Raley*, 506 U.S. 20, 29 (1992) (quoting *Johnson v. Zerbst,* 304 U.S. 458, 464 (1938)); *see also United States v. Wicks*, 995 F.2d 964, 977-78 (10th Cir. 1993). To overcome this presumption, a defendant may not simply

point to a silent or ambiguous record, but must come forward with affirmative evidence establishing that the prior convictions were obtained in violation of the Constitution. *See Wicks*, 995 F.2d at 978-89; *Windle*, 74 F.3d at 1001. To the extent that *Strachan v. Army Clemency & Parole Bd.*, 151 F.3d 1308, 1311 (10th Cir. 1998), stated otherwise, it failed to follow circuit precedent. *See Haynes v. Williams*, 88 F.3d 898, 900 n.4 (10th Cir. 1996) ("[W]hen faced with an intra-circuit conflict, a panel should follow earlier, settled precedent over a subsequent deviation therefrom.")

In any event, the record is not silent regarding Defendant's waiver of counsel. The prosecution submitted waiver forms relating to each of the three prior convictions. The waiver forms for the two DUI cases were signed by "Modesto Martinez"—the name Defendant admits he used when he was sentenced for the DUI offenses. Those forms state:

> **RIGHT TO A LAWYER** – I understand that I have the right to be represented by a lawyer throughout the proceedings. I understand that the Court will appoint a free lawyer for me if I cannot afford to hire a lawyer, but at the end of the case I may be asked to pay all or part of the cost of that lawyer, if I can afford to. I understand that there are dangers and disadvantages to giving up my right to a lawyer and that it is almost always unwise to represent myself.

R., Vol. I, Doc. 63, Ex. 1, at 2 & Ex. 2, at 2. Next to that language, "Modesto Martinez" initialed two boxes indicating, "I understand this right," and "I waive this right." *Id.* The two forms were also signed by a translator, who stated that

she "translated this form to the defendant in the Spanish language. The defendant indicated that [he] understood the contents of the form, and [he] then initialed the form." *Id.* Ex. 1, at 3 & Ex. 2, at 3. In addition, the forms were signed by the judge in those cases, who stated that the "Court, having reviewed this form and having questioned the defendant concerning the defendant's constitutional rights . . ., finds that the defendant has expressly, knowingly, understandingly and intelligently waived his . . . constitutional rights." *Id.*

With respect to the 1997 petty-theft conviction, the prosecution presented a form containing a checked box stating only, "Waives Rights." The form apparently did not specify the particular rights waived. (Although the parties state that this form is part of the record, a search of the record reveals no such document. Nevertheless, because both parties agree as to its contents, we will accept the description of the form provided by the briefs.)

Defendant's evidence that he did not waive his right to counsel in the prior proceedings consisted solely of his testimony at the sentencing hearing that he had neither seen nor signed the waiver forms for the DUI convictions (although he admitted he was guilty of those offenses and had used the name "Modesto Martinez" in the DUI proceedings); that an interpreter had never read those documents to him; and that no one had ever told him that he had the right to the assistance of counsel in the DUI cases. Defendant did not testify at all about the

waiver of rights at the proceeding for the petty-theft conviction. After hearing all the evidence, the district court found that Defendant's testimony was not credible, and ruled that Defendant had validly waived his right to counsel in the earlier cases.

We defer to the district court's credibility determinations, *see United States v. Nieto*, 60 F.3d 1464, 1469-70 (10th Cir. 1995), and find no error in its ruling. Accordingly, we hold that the prior misdemeanor convictions were properly used to enhance Defendant's sentence.

B. 1999 Conviction

Defendant argues that the district court erroneously assigned him excessive criminal history points based on his 1999 Conviction. Adopting the PSR's finding that the sentence imposed for that conviction was 320 days, the court added two points under USSG § 4A1.1(b), which states, "Add 2 points for each prior sentence of imprisonment of at least sixty days" but less than 13 months. Defendant, however, points out that he received a suspended sentence and relies on Guidelines provisions stating that suspended sentences are not counted as imprisonment time: Section 4A1.2(a)(3) states that "[a] conviction for which the imposition or execution of sentence was totally suspended or stayed shall be counted as a prior sentence under § 4A1.1(c) [relating to sentences not involving incarceration of 60 days or more]," and section 4A1.2(b)(2) states that "[i]f part

of a sentence of imprisonment was suspended, 'sentence of imprisonment' refers only to the portion that was not suspended." Defendant contends that therefore only one point should have been added under USSG § 4A1.1(c), which directs the court to "[a]dd 1 point for each prior sentence not counted in [§ 4A1.1] (a) or (b) . . . ." We reject his argument.

A review of the state-court commitment order for the 1999 Conviction clarifies the sentence. According to that document, the court "suspend[ed] imposition" of the sentence and "placed [Defendant] on probation for a period of 3 years." Addendum to Reply Br. at 1. It goes on to say, however: "As a condition of probation, Defendant is committed to the custody of the sheriff of Merced County for a period of 320 days with 214 days credit for time served plus 106 days conduct credit. Total credits 320 days." *Id.* Defendant fails to recognize the significance of his being ordered to serve 320 days in jail.

Although not cited by either party, a comment to USSG § 4A1.2—entitled "Definitions and Instructions for Computing Criminal History"—controls the outcome here. "Commentary that explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *United States v. McClatchey*, 316 F.3d 1122, 1127 (10th Cir. 2003) (internal quotation marks omitted). Application note 2 to § 4A1.2 instructs that "[a] sentence of probation is to be treated as a sentence

under § 4A1.1(c) [which adds only one point] *unless a condition of probation requiring imprisonment of at least sixty days was imposed.*" (emphasis added). By negative implication, "a sentence of probation falls within the scope of section 4A1.1(b) [adding two points] if a condition of the probation is imposed that requires imprisonment of at least 60 days [but less than 13 months]." *United States v. Timbrook*, 290 F.3d 957, 959 (7th Cir. 2002).

Here, Defendant was sentenced to probation for the 1999 Conviction, with a condition requiring a term of imprisonment of 320 days. As a result, § 4A1.1(b), not § 4A1.1(c), applied. *See Timbrook*, 290 F.3d at 960; *United States v. Copeland*, 45 F.3d 254, 257 (8th Cir. 1995) (two points proper under § 4A1.1(b) when defendant had received for prior conviction a "suspended sentence with a probation requirement that [defendant] spend 100 days in the county jail"); *United States v. Adams*, 988 F.2d 493, 497 & n.5 (4th Cir. 1993) (two points proper under § 4A1.1(b) when sentence imposed was probation with condition requiring eight-month term of imprisonment); *United States v. Viveros-Castro*, No. 97-50307, 1998 WL 225053, at * 2 (9th Cir. 1998) (unpublished) (two points proper under § 4A1.1(b) when defendant "was sentenced to a term of three years probation with a condition that he serve in excess of sixty days in custody").

Contrary to Defendant's belief, it is irrelevant that the 320-day sentence was comprised of "time served" and good-conduct credit. Section 4A1.2(b)(1) defines "sentence of imprisonment" to mean "the maximum sentence imposed." "Criminal history points given under § 4A1.2(b) are based on the sentence pronounced, not the length of time actually served." *United States v. Holbert*, 285 F.3d 1257, 1263 (10th Cir. 2002) (citing USSG § 4A1.2, comment. (n.2)). The Guidelines make no "distinction as to how or when the defendant must serve the sentence, such as receiving time off for good behavior, surrendering voluntarily at some future date or getting credit for time spent awaiting trial." *United States v. Staples*, 202 F.3d 992, 997 (7th Cir. 2000). The "sentence pronounced" here was 320 days; that is what matters under the Guidelines. *See Holbert*, 285 F.3d at 1263 (sentence of 90 days in jail, with possibility of two days' credit for each day served, treated as 90-day sentence); *United States v. Rodriguez-Lopez*, 170 F.3d 1244, 1246 (9th Cir. 1999) (sentence of "time served" (62 days was served between defendant's arrest and sentence) treated as 62-day sentence); *United States v. Garin*, 103 F.3d 687, 690 (8th Cir. 1996) (sentence of 60 days with credit for 2 days "time served" treated as 60-day sentence); *Staples*, 202 F.3d at 997-98 (sentence of 250 days with credit for 250 days served on an unrelated offense treated as 250-day sentence); *United States v. Atkinson*, 15 F.3d

715, 721 (7th Cir. 1994) (sentence of 77 days "time served" treated as 77-day sentence).

Defendant cites *United States v. Stewart*, 49 F.3d 121 (4th Cir. 1995), and *United States v. Latimer*, 991 F.2d 1509 (9th Cir. 1993), apparently for the proposition that the 214 days he spent in jail before being convicted for the 1999 offense was merely "pretrial confinement" that cannot be counted under the Guidelines. Aplt's Reply Br. at 3. Those cases are inapposite. In *Stewart* the Fourth Circuit held that time served in prison awaiting a parole revocation hearing could not be considered "imprisonment on a sentence" under § 4A1.1(e), when the defendant's parole had not been revoked and a new sentence had not been imposed. The court said that including such time in the criminal history calculus would improperly "allow [defendant] to be penalized for something for which the state authorities themselves decided not to punish him." *Stewart*, 49 F.3d at 125.

Likewise, in *Latimer* the Ninth Circuit ruled that time spent in jail awaiting a parole revocation hearing could not be counted under the Guidelines because such time "was entirely administrative in nature." According to the court, "when the reason behind a period of incarceration is administrative necessity, rather than an adjudication of guilt, this period of incarceration says nothing about the defendant's culpability." *Latimer*, 991 F.2d at 1517.

*Stewart* and *Latimer* are distinguishable because Defendant's time in jail was not mere administrative "pretrial confinement"; those 214 days were part of the punishment imposed by the state upon its finding that he was guilty of the 1999 offense.

Accordingly, we conclude that the district court did not err when it awarded two points under § 4A1.1(b) for the 1999 Conviction. Our conclusion also disposes of Defendant's other complaint about the criminal history points assessed for that conviction. In addition to the two points assigned under § 4A1.1(b), the district court added one point under § 4A1.1(e), which states, "Add 2 points if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under (a) or (b) or while in imprisonment or escape status on such a sentence. If 2 points are added for item (d), add only 1 point for this item." USSG § 4A1.1(e). Defendant does not deny that he committed the instant offense less than two years after his release from imprisonment for the 1999 Conviction. His argument seems to be that because the 1999 Conviction should have been counted under § 4A1.1(c), it was not a "sentence counted under (a) or (b)," and therefore could not be the predicate for a § 4A1.1(e) adjustment. As we have now concluded that the sentence for this conviction was properly counted under subsection (b), this contention must fail.

C. <u>Amendment 640</u>

We can readily dispose of Defendant's final argument. Defendant contends that the district court erred by not applying Amendment 640 to the Sentencing Guidelines when it sentenced him in October 2001 under the 2001 Guidelines Manual. Because Defendant did not raise this argument below, we review for plain error. *See United States v. Barajas*, 331 F.3d 1141, 1145 (10th Cir. 2003).

Amendment 640 modified USSG § 2D1.1(a)(3) to provide a maximum base offense level of 30 for defendants who (like Defendant) receive a mitigating-role adjustment under § 3B1.2. *See* USSG App. C, Amendment 640. But this amendment went into effect on November 1, 2002, *see id.*, 23 days *after* Defendant's sentencing. "Absent an ex post facto problem, the district court is *required* to apply the Guideline provisions in effect at the time of sentencing and, by definition, a pending recommendation is not yet in effect." *United States v. Maples*, 95 F.3d 35, 37 (10th Cir. 1996) (emphasis added); *see* USSG 1B1.11. Defendant does not argue that sentencing him under the 2001 Guidelines presented ex post facto problems (indeed, he admits that "the situation here is the opposite of [an] *ex post facto* situation . . . ." Aplt.'s Opening Br. at 14). Nor did he seek a continuance so that he could be sentenced after November 1, 2002, when Amendment 640 would become effective. Accordingly, we conclude that the district court did not err when it sentenced Defendant under the 2001 Guidelines and did not apply Amendment 640.

III. **CONCLUSION**

   We AFFIRM the judgment of the district court.