**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 25 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JESUS DUARTE-GUTIERREZ,

Defendant - Appellant.

No. 04-4090

(D.C. No. 2:02-CR-768-02-TC)

(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

Defendant Jesus Duarte-Gutierrez pleaded guilty to attempted distribution and aiding and abetting in the attempted distribution of 50 grams or more of actual methamphetamine. *See* 21 U.S.C. § 841(a)(1) (distribution); 18 U.S.C. § 2 (aiding and abetting) The presentence report (PSR), citing two prior state-court convictions, awarded Defendant two criminal history points and concluded he

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

belonged in criminal history category II. Defendant's total offense level and criminal-history category II yielded a 120-to-151-month sentencing range.

In written objections and at the sentencing hearing, Defendant objected to the use of a driving-under-the-influence (DUI) conviction in Tooele County Justice Court, Utah, in assessing his criminal history category. He conceded that the prosecution established the fact of conviction, but contended that the conviction is constitutionally infirm because he did not knowingly and voluntarily waive his right to counsel.

The prosecution produced a single-page document from the Justice Court proceedings, signed by Defendant and the presiding judge, that includes the following statement:

> **Prior to acceptance of the guilty plea, the court made the following findings**:
>
>   X   If the defendant is not represented by counsel, he has knowingly waived his right to counsel and does not desire counsel.

R. Vol. I, Doc. 102, Exhibit B. Defendant, who does not speak English, admitted both that a translator was present at the hearing and that his signature appears on the document, although he did not recollect signing it. He testified, however, that there was no public defender present; that he had not slept the night before his hearing; that the judge did not advise him of the maximum sentence for the offense or the perils of proceeding without an attorney; and that the judge had

informed him that if he pleaded guilty, he would not need an attorney and would

be released that afternoon.

The district court, after reviewing the document and hearing this testimony,

concluded that Defendant had not overcome the presumption of regularity that

attaches to final judgments and that the waiver of counsel was knowing and

voluntary. The court explained:

> There is no question but that he was convicted. There is a presumption of validity that goes with that conviction. Looking at the limited focus of this collateral attack, [the Justice Court document], which is filled out by the judge and signed by [Defendant] with the aid of an interpreter, shows that he knowingly and voluntarily waived his right to counsel, and shows that the court questioned him on it. That is sufficient.

R. Vol. II at 27. The court rested its ruling on its finding that Defendant's

testimony was not credible:

> The reason I found that [Defendant] was not denied counsel is that his testimony did not overcome the presumption [of regularity]. I find that his testimony simply was not believable in light of the written record, the findings by the judge, and the fact that he signed his name and had an interpreter. So I did not find his testimony credible.

*Id.* at 30. Defendant was sentenced to the guidelines minimum of 121 months and

60 months of supervised release.

Defendant appeals, arguing that the DUI conviction is constitutionally

infirm because he did not knowingly and voluntarily waive his right to counsel

and the district court's contrary finding is clear error. "We review the district

court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error." *United States v. Cruz-Alcala*, 338 F.3d 1194, 1196 (10th Cir. 2003) (internal quotation marks omitted). We also apply de novo review when determining the constitutionality of state court convictions used in sentencing proceedings. *United States v. Wicks*, 995 F.2d 964, 975 (10th Cir. 1993). Finally, "[w]e defer to the district court's credibility determinations." *Cruz-Alcala*, 338 F.3d at 1198.

Like the *Cruz-Alcala* defendant, Defendant does not dispute that the government established the existence of the disputed conviction.

> Once the prosecution establishes the existence of a conviction, the defendant must prove by a preponderance of the evidence that the conviction was constitutionally infirm. Moreover, there is a presumption of regularity that attaches to final judgments, even when the question is waiver of constitutional rights. To overcome this presumption, a defendant may not simply point to a silent or ambiguous record, but must come forward with affirmative evidence establishing that the prior convictions were obtained in violation of the Constitution.

*Cruz-Alcala*, 338 F.3d at 1197 (internal citations, quotation marks, and emphasis omitted). The presumption applies even where there are no records of the court proceedings underlying the conviction. *Parke v. Raley*, 506 U.S. 20, 30-31 (1992).

Defendant marches through the various requirements for establishing a knowing and voluntary waiver of the right to counsel, *see generally United States*

*v. Padilla*, 819 F.2d 952, 956-57 (10th Cir. 1987), and argues that the prosecution's proffered document does not meet the requirements. This argument, however, misses the point of the presumption. Once the existence of a conviction is established, the presumption of regularity attaches and we assume that the convicting court complied with the law in all respects, including the requirements for establishing a waiver of the right to counsel. The government is not required to offer any evidence of compliance; Defendant must prove noncompliance. Defendant provides no authority to support his contention that this presumption vanishes for a court if the qualifications for judges of the court is too low.

The only evidence of noncompliance was Defendant's own testimony, and the district court concluded that he was not credible. Thus, the presumption of regularity was not overcome. Here, the district court properly counted the DUI conviction when calculating Defendant's criminal-history score.

The judgment of the district court is AFFIRMED.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge