**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

APR 28 2005

**PATRICK FISHER**
**Clerk**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | |
| v. | No. 04-2222 <br> (D.C. No. 04-309 RB) <br> (New Mexico) |
| CRUZ MANUEL QUINTANA-PONCE, | |
| Defendant-Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **KELLY**, and **TYMKOVICH**, Circuit Judges.

Cruz Manuel Quintana-Ponce pled guilty to one count of illegal reentry following deportation in violation of 8 U.S.C. §§ 1326(a)(1), (2) and (b)(2). Based on a criminal history category of III and a total offense level of thirteen, Mr. Quintana's guidelines range was eighteen to twenty-four months

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

imprisonment. The district court sentenced him at the bottom of that range to an eighteen month term. On appeal, Mr. Quintana contends the district court committed error at sentencing by assessing criminal history points for prior uncounseled misdemeanor convictions. He also contends his sentence was unconstitutionally enhanced pursuant to *Blakely v. Washington*, 124 S. Ct. 2531 (2004), based on a finding of the existence and nature of prior convictions which were neither charged in the indictment nor proven to a jury. We affirm in part and reverse in part, remanding for resentencing.[1]

Mr. Quintana pled guilty to one count of illegal reentry following deportation, which yielded a base offense level of eight. U.S.S.G. § 2L1.2(a). His presentence report (PSR) recommended an eight level increase due to a finding that Mr. Quintana had a prior aggravated felony conviction. *Id*. § 2L1.2(b)(1)(C). The PSR also recommended a three-level downward adjustment to his offense level for acceptance of responsibility, *id*. §3E1.1, resulting in a total offense level of thirteen.

Mr. Quintana's criminal history included points for a 1995 conviction for drunk driving, a 2000 conviction for careless driving and possession of cocaine, a 2000 conviction for drunk driving, a 2001 conviction for concealment of identity,

-------

[1]We note that Mr. Quintana has been incarcerated on his eighteen month sentence since early December 2003. Therefore, unless his resentencing is expedited, he will be released before it can be accomplished.

and a 2002 conviction for obstructing a police officer. He objected to the points assessed for three of those convictions, arguing that they were constitutionally infirm because he had been denied his right to counsel in state court proceedings. He contends the government failed to produce evidence that he either was represented by counsel or waived the right to counsel. The government submits that a presumption of regularity attaches to state court convictions and Mr. Quintana failed to meet his burden to overcome the presumption. We agree.

Mr. Quintana had a right to counsel for the prior misdemeanor convictions. *See Argersinger v. Hamlin*, 407 U.S. 25, 37 (1972); *see also Alabama v. Shelton*, 535 U.S. 654, 657-58 (2002). Once the government establishes the existence of a prior conviction, however, it becomes the defendant's burden to prove by a preponderance of evidence that the conviction was unconstitutional. *United States v. Cruz-Alcala*, 338 F.3d 1194, 1197 (10th Cir. 2003); *United States v. Windle*, 74 F.3d 997, 1001 (10th Cir. 1996). This is because a "presumption of regularity" attaches to final judgments even when a waiver of constitutional rights is at issue. *Parke v. Raley*, 506 U.S. 20, 29 (1992).

Mr. Quintana has not met his burden to overcome the presumption of regularity. Much like the defendant in *Cruz-Alcala*, Mr. Quintana offered testimony that he was not represented by counsel and did not knowingly waive his right to counsel in the state court proceedings at issue. *See* 338 F.3d at 1198.

After considering Mr. Quintana's testimony, the district court implicitly found he was not credible and ruled that he had validly waived his right to counsel in the earlier cases:

> [t]aking [defendant's] proffer at face value and weighing that against his significant history associated with the criminal courts in that area . . . I don't believe that he has overcome the presumption of regularity that attaches to final Judgments.

Sent. Tr. at 14. We must defer to the district court's credibility determinations. *Cruz-Alcala*, 338 F.3d at 1198. As a result, we conclude the district court did not commit error by including Mr. Quintana's prior uncounseled misdemeanor convictions in calculating his criminal history.

Mr. Quintana next argues his Sixth Amendment rights were violated because neither the existence of his prior convictions nor the classification of any of those convictions as aggravated felonies was charged in his indictment, admitted by him, or found by a jury, citing *Blakely*. In *Blakely*, the Supreme Court applied the rule it expressed in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to Washington state's determinate sentencing regime. *See Blakely*, 124 S. Ct. at 2536. Recently, the Court extended *Apprendi* and *Blakely* to the Federal Sentencing Guidelines, holding that the Sixth Amendment requires "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable

-4-

doubt." *United States v. Booker*, 125 S. Ct. 738, 756 (2005).

The district court's findings that Mr. Quintana previously committed crimes and that at least one of those crimes was an aggravated felony fall within the exception to the *Blakely/Booker* rule for the "fact of a prior conviction." *Blakely*, 124 S. Ct. at 2536. Although an indictment must set forth each element of the crime it charges, the Supreme Court has explicitly held that the constitution does not require Congress to treat recidivism as an element of the offense. *Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998). Therefore, the government's failure to plead Mr. Quintana's prior convictions (or the nature of those convictions) in his indictment does not constitute constitutional error. *See United States v. Moore*, 401 F.3d 1220, 1221 (10th Cir. 2005) ("*Booker* . . . do[es] not require the government to charge in an indictment or prove to a jury either the existence of prior convictions or their classification as 'violent felonies'").

If *Booker* consisted only of a constitutional holding, Mr. Quintana's appeal would be meritless because he did not suffer a Sixth Amendment violation. However, to remedy the guidelines' constitutional violation, the Court severed and excised 18 U.S.C. § 3553(b)(1), which required sentencing courts to impose a sentence within the applicable guidelines range, subject to departures in limited cases. *Booker*, 125 S. Ct. at 764-65. As a result, the guidelines are now advisory in all cases. *Id.* at 757, 769. In addition, the Court expressly stated that its

"remedial interpretation of the Sentencing Act" must be applied "to all cases on direct review." *Id*. at 769. We must therefore apply the remedial holding of *Booker* to Mr. Quintana's appeal and review his sentence for harmless error. *United States v. Labastida-Segura*, 396 F.3d 1140, 1142 (10th Cir. 2005).

The district court plainly sentenced Mr. Quintana with the erroneously held belief that it was required to impose a sentence within the guidelines range. *See id*. at 1143. We held in *Labastida-Segura* that where the district court sentenced a defendant (who properly preserved his non-constitutional *Booker* error for appellate review) at the bottom of the guidelines range, we cannot conclude that the error is harmless. *Id*. That holding is applicable here.

Accordingly, we **AFFIRM** the district court's determination that Mr. Quintana's misdemeanor convictions were properly counted against him, but we **REMAND** his case with directions to the district court to vacate his sentence and resentence him in light of *Booker*.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

-6-