FILED
United States Court of Appeals
Tenth Circuit

**February 20, 2009**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RICKY LEE SULLIVAN,

Defendant-Appellant.

No. 07-2263

(D. N.M.)

(D.C. No. 1:06-CR-00402-JEC)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, Chief Judge, **TYMKOVICH**, Circuit Judge, and **LEONARD**,[**] District Judge.

---

Defendant-Appellant Ricky Lee Sullivan received a one-hundred month sentence for his conviction for felony possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On appeal, he challenges his sentence on reasonableness grounds, contending that the district court erred in calculating his criminal history by including his conviction for attempted perjury

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] The Honorable Timothy D. Leonard, United States District Judge for the Western District of Oklahoma, sitting by designation.

and his conviction for use/possession of drugs. Mr. Sullivan further argues that the district court unreasonably refused to grant him a downward departure or variance and failed to provide a sufficiently reasoned basis for his sentence.

We are not convinced by these arguments. The district court properly applied the Guidelines in calculating Mr. Sullivan's criminal history, reasonably imposed a within-Guidelines sentence, and provided a sufficient explanation of the sentence imposed. Exercising jurisdiction under 18 U.S.C. § 3742(a), we therefore affirm Mr. Sullivan's sentence.

## I. BACKGROUND

In October 2005, Mr. Sullivan brandished a firearm during an altercation with a neighbor in Bloomfield, New Mexico. Mr. Sullivan was arrested for aggravated assault with a deadly weapon.

Later, police obtained a search warrant for Mr. Sullivan's home and pickup truck to locate the firearm. During the search of Mr. Sullivan's truck, police discovered a box of ammunition, a zippered bag containing methamphetamine, a 9 mm pistol, three glass pipes, a digital scale, a police scanner, and a backpack with surveillance equipment.

Police executed a second search warrant at Mr. Sullivan's house, camper trailer, and shed. During that search, police discovered three .22 caliber rifles, two shotguns, marijuana, a police scanner, drug paraphernalia, cocaine, and

methamphetamine.  Later, police determined that two of the seized firearms were stolen.

On February 22, 2006, Mr. Sullivan was indicted for being a felon in possession of firearms and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count I); possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5861(d) and 5871 (Count II); and possession of less than 50 grams of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count III).

At his detention hearing on March 15, 2006, Mr. Sullivan informed the court of a preexisting leg injury, stemming from a 2004 ATV accident.  Absent prior treatment, the leg injury carried a risk of amputation.

Pursuant to a plea agreement, Mr. Sullivan pleaded guilty to Count I (being a felon in possession of firearms and ammunition).  The Presentence Report ("PSR") calculated Mr. Sullivan's criminal offense level as follows: a base level of twenty-two, pursuant to U.S.S.G. § 2K2.1(a)(3)(A)(ii); an additional two points for possession of a stolen firearm, pursuant to U.S.S.G. § 2K2.1(b)(4); an additional four points for possession of a firearm in connection with a felony offense, pursuant to U.S.S.G. 2K2.1(b)(6); and a three-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, for a total offense level of twenty-seven.  The PSR calculated Mr. Sullivan's criminal history score at seven, for a criminal history category of IV.

In making its calculations, the PSR took into account Mr. Sullivan's 1996 conviction for larceny (one point); 1997 conviction for attempted perjury (one point); 1998 conviction for use/possession of drug paraphernalia and driving with a suspended or revoked license (one point); 1998 conviction for aggravated battery (three points); and 2003 convictions for accessory to larceny and attempt to commit a felony (one point).

Thereafter, Mr. Sullivan filed a sentencing memorandum contending that his leg injury required a below-Guidelines sentence. He also filed a motion for downward departure and objections to presentence report, requesting a downward departure for his medical condition, physical condition, and the over-representation of his criminal history.

The district court denied Mr. Sullivan's motions. Adopting the PSR's calculated offense level and criminal history (resulting in an advisory guidelines range of 100-120 months), the district court sentenced Mr. Sullivan to one-hundred months' imprisonment. This appeal followed.

## II.  DISCUSSION

We review Mr. Sullivan's sentence for "reasonableness," which has both procedural and substantive dimensions. "A procedurally reasonable sentence reflects the sentencing court's [correct] calculation of the applicable advisory Guidelines range and its application of the § 3553(a) factors." *United States v. Geiner*, 498 F.3d 1104, 1107 (10th Cir. 2007). "A sentence is substantively

4

reasonable when it reflects the gravity of the crime and the § 3553(a) factors as applied to the case." *Id.* (internal quotation marks omitted).

A. **The district court did not err by including Mr. Sullivan's conviction for attempted perjury in its criminal history category calculus.**

Under the Sentencing Guidelines, all prior sentences for felony offenses within the applicable time period are included in calculating a defendant's criminal history. U.S.S.G. § 4A1.2(c). Sentences for misdemeanors are also included, unless the misdemeanor falls within the exceptions listed in U.S.S.G. § 4A1.2(c). As relevant here, § 4A1.2(c)(1) excludes from calculation sentences received for fifteen enumerated offenses "and offenses similar to them, by whatever name they are known," subject to some exceptions. One of the enumerated offenses is "contempt of court."

Invoking § 4A1.2(c)(1), Mr. Sullivan contends that the district court erred in calculating his criminal history category by including his conviction for attempted perjury. He argues that attempted perjury is sufficiently similar to one of the named exclusions (contempt of court) so that 18 U.S.C. § 4A1.2(c)(1) bars its use in the instant sentencing calculus.

In response, the government submits that Mr. Sullivan's failure to raise his objection to this issue at the sentencing hearing limits our review to plain error. Mr. Sullivan, of course, disagrees, citing his objections to the PSR. We need not resolve this dispute, however, as even under the less onerous "reasonableness"

5

review, Mr. Sullivan's claim fails.

Both parties engage in extended discussions of the similarities and differences between the crimes of "perjury" and "contempt." These comparisons, however, obscure the issue before us: whether *attempted* perjury is similar to contempt of court for § 4A1.2(c)(1) purposes. It plainly is not.

As we stated in *United States v. Perez de Dios*, to be "similar" is to be "nearly corresponding; resembling in many respects; somewhat alike; having a general likeness." 237 F.3d 1192, 1198-1199 (10th Cir. 2001) (applying the "similar" criterion in § 4A1.2(c) by comparing the general or essential characteristics of the two offenses at issue) (internal quotation marks omitted). Invoking *Perez de Dios*' "essential characteristics" test here, we easily conclude that the district court properly included Mr. Sullivan's conviction for attempted perjury in its criminal history calculus.

In New Mexico, "conduct violating a court order in the court's presence constitutes direct criminal contempt." *Byrnes v. Baca*, 54 P.3d 996, 1003 (N.M. Ct. App. 2002). Perjury, on the other hand, "consists of making a false statement under oath or affirmation, material to the issue or matter involved in the course of any judicial, administrative, legislative or other official proceeding, *knowing such statement to be untrue*. *State v. Naranjo*, 94 N.M. 407, 411 (N.M. 1980) (emphasis in original). Those guilty of both perjury and contempt are subject to criminal consequences.

6

Attempted perjury, on the other hand, is an *attempt* to tell an untruth under oath. A comparison of the elements of contempt of court and attempted perjury reveals no commonality or general likeness. Indeed, the law recognizes that offenses based on falsity are of particular concern in a system of justice utilizing testimony. *Cf.* Fed. R. Evid. 609(a) (permitting the admission of a witness's prior act of dishonesty or false statement by for purposes of impeachment).

Because Mr. Sullivan has failed to demonstrate that his attempted perjury conviction shares the "essential characteristics" of contempt of court, we affirm the district court's inclusion of attempted perjury in Mr. Sullivan's criminal history calculus.

**B.      The district court did not err by including Mr. Sullivan's conviction for use/possession of drugs in its criminal history category calculus.**

Mr. Sullivan contends that the district court's addition of one criminal history point for his use/possession of drug paraphernalia conviction in state court was improper because the PSR states that "attorney representation is unknown." Aplt's App. vol. II, at 140. Reviewing under the less-onerous "reasonableness" standard, Mr. Sullivan's claim fails.

Once the United States establishes the existence of a prior conviction, "the defendant must prove by a preponderance of the evidence that the conviction was constitutionally infirm." *United States v. Cruz-Alcala*, 338 F.3d 1194, 1197 (10th

7

Cir. 2003) (internal citations omitted). A "presumption of regularity" attaches to final judgment. *Id*. (internal quotation marks omitted).

Mr. Sullivan does not contest the fact of the prior conviction, nor does he state that the conviction was imposed in the absence of counsel. Indeed, Mr. Sullivan fails to submit a single affirmative statement asserting a deprivation of counsel. Rather, Mr. Sullivan bases his claim on the PSR's failure to explicitly state that he had representation. In other words, Mr. Sullivan requests this court to reverse the decision of the district court on the basis that he *may have been* uncounseled.

As the United States Supreme Court observed in *Burgett v. Texas*, convictions obtained without the benefit of counsel cannot be used against a defendant to enhance punishment for another offense. 389 U.S. 109, 114 (1967). Here, however, Mr. Sullivan has failed to demonstrate, by a preponderance of the evidence, that he did not receive the benefit of counsel during the drug use/possession proceedings against him. Indeed, beyond the equivocal PSR provision, Mr. Sullivan has failed to submit any evidence at all. Thus, we find that the district court's inclusion of Mr. Sullivan's conviction for use/possession of drug paraphernalia was proper.

### C. The district court did not err when it denied Mr. Sullivan's motion for downward departure.

As we stated in *United States v. Chavez-Diaz*, we lack jurisdiction to

8

"review a district court's discretionary decision to deny a motion for downward departure on the ground that a defendant's circumstances do not warrant a departure." 444 F.3d 1223, 1228 (10th Cir. 2006) (internal quotations marks omitted). Pursuant to 18 U.S.C. § 3742(a), however, we may review an appeal of a sentence that:

> (1) was imposed in violation of law;
> (2) was imposed as a result of an incorrect application of the sentencing guidelines; or
> (3) is greater than the sentence specified in the applicable guidelines range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range. . . ;
> (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

Review under § 3742(a) includes arguments that were previously barred as an attempt to appeal a denial of a downward departure. *Chavez-Diaz*, 444 F.3d at 1228-29 (citing *United States v. Cooper*, 437 F.3d 324, 328 (3d Cir. 2006); *United States v. Martinez*, 434 F.3d 1318, 1322 (11th Cir. 2005)).

> In imposing a sentence, a district court must:

> consider the nature and circumstances of the offense and the history and characteristics of the defendant[;] . . . [consider] the general purposes of sentencing, including: the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; . . . to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. . . ; avoid unwarranted sentence disparities . . . . [and] provide restitution to any victim.

9

*Gall v. United States*, 128 S. Ct. 586, 597 n.6 (2007) (internal citations and quotation marks omitted). Here, the district court reviewed the PSR's factual findings and considered the sentencing guidelines, as well as the § 3553(a) factors. Mr. Sullivan has a lengthy criminal history including felony theft, aggravated battery with a deadly weapon, misdemeanor perjury, use/possession of drug paraphernalia, and larceny. The instant offense involved six weapons, one of which was stolen, and all of which were involved in the initial charges of aggravated assault, receipt of stolen property, possession of a firearm, and resisting arrest. The district court's imposition of a sentence at the low end of the Guidelines range is entitled to a rebuttable presumption of reasonableness, which Mr. Sullivan has failed to overcome. *See United States v. Sanchez-Juarez*, 446 F.3d 1109, 1114 (10th Cir. 2006); *United States v. Rojas*, 531 F.3d 1203, 1209 (10th Cir. 2008) ("A sentence which falls within a properly calculated Guideline range is entitled to a rebuttable presumption of reasonableness.") (citation omitted)).

**D.      The district court gave due consideration to Mr. Sullivan's legal arguments, and provided a sufficiently reasoned basis for his sentence.**

Mr. Sullivan contends that the district court failed to provide a sufficient explanation for the sentence it imposed. Aplt's Br. at 28-29. In addition, Mr. Sullivan claims that the district court failed to address his non-frivolous issues at

the sentencing hearing itself or in any subsequent written findings. *Id*. at 31.

In general, the district court has significant discretion in sentencing. *United States v. Tindall*, 519 F.3d 1057, 1065 (10th Cir. 2008). We review a sentence for reasonableness, applying an abuse of discretion standard. *Id*.

Pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), "every sentence that a district court ultimately imposes must reflect its determination of what is reasonable in light of the . . . § 3553(a) factors." *Sanchez-Juarez*, 446 F.3d at 1114 (emphasis added).

> Under § 3533(c):
>
> The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence--
>   (1) is of the kind, and within the range, described in subsection (a)(4), and that range exceeds 24 months, the reason for imposing a sentence at a particular point within the range; or
>   (2) is not of the kind, or is outside the range, described in subsection (a)(4), the specific reason for the imposition of a sentence different from that described . . . .

As the Supreme Court clarified in *Rita v. United States*, "the sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." 127 S. Ct. 2456, 2468 (2007). But the Court also made clear that a district judge is not required to give an exhaustive list of reasons. Indeed, "the law leaves much, in this respect, to the judge's own professional judgment." *Id*. More specifically, the district court must calculate

11

and consider the sentencing range indicated by the Guidelines, consider that range as advisory, and then consider the range in light of § 3553(a). *United States v. Hamilton*, 510 F.3d 1209, 1218 (10th Cir. 2007)**.**

The district court need not consider each factor listed in 18 U.S.C. § 3553(a) prior to imposing a sentence, nor must the district court recite "magic words" to demonstrate that it has fulfilled its responsibility to be mindful of the factors Congress instructed it to consider. *United States v. Rines*, 419 F.3d 1104, 1107 (10th Cir. 2005). As we observed in *Tindall*, "a one-sentence explanation accompanying a within-guidelines sentence" may be sufficient. 519 F.3d at 1065 (stating that the district court's explanation that "the sentence I am about to impose is the most reasonable sentence upon consideration of all factors enumerated in 18 United States Code 3553" was proper, and "[t]hus, the district court committed no procedural error in explaining [the defendant's] sentence"). Although *Tindall* suggests that district courts may be required to provide a more detailed explanation where the defendant raises specific § 3553(a) arguments, *id.*, for sentences that are within-Guidelines, a court need state only "the appropriate guideline range, and how it was calculated." *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1202 (10th Cir. 2007)

In this case, the district court imposed a within-Guidelines sentence and, in so doing, noted the range of Mr. Sullivan's sentence and how it was calculated. Although the district court's explanation could have been more detailed, it was

12

procedurally reasonable.

### III.  Conclusion

We therefore AFFIRM the conclusions of the district court.

Entered for the Court,

Robert H. Henry
Circuit Judge

.