**F I L E D**

**UNITED STATES COURT OF APPEALS**

**April 19, 2007**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ADAM SANCHEZ,

    Defendant-Appellant.

No. 06-4032
(D. Utah)
(D.Ct. No. 2:05-CR-531-DAK)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Adam Sanchez (Sanchez), appeals from his sentence, arguing the district court erred in using several prior convictions obtained in violation of the Sixth Amendment right to counsel to calculate his criminal history. We AFFIRM.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I. Background

On November 8, 2005, Sanchez pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). A Presentence Report (PSR) was prepared on December 12, 2005. In calculating his sentence under the 2004 United States Sentencing Guidelines (USSG), the Presentence Investigation Report (PSR) assigned Sanchez a base offense level of 20 under USSG §2K2.1(a)(4)(A) and subtracted 3 levels for acceptance of responsibility under USSG §3E1.1 resulting in a total offense level of 17. The PSR also calculated Sanchez's criminal history category under USSG §4A1.1 based on prior convictions resulting in a subtotal of 9 criminal history points. An additional 2 points were added to his criminal history calculation under USSG §4A1.1(e) because Sanchez committed his current offense less than two years after being released from confinement for his 2000 attempted robbery felony conviction. This amounted to a total criminal history score of 11, which established a criminal history category of V. Based on a total offense level of 17 and a criminal history category of V, Sanchez's guideline range of imprisonment was 46 to 57 months. *See* USSG §5A.

On January 13, 2006, Sanchez filed written objections to the inclusion of his DUI conviction in 2000, retail theft conviction in 2001, theft by deception conviction in 2003, and possession of drug paraphernalia conviction in 2005 when calculating his criminal history category. Because nothing in the record

specifically stated he waived his right to counsel in those convictions, Sanchez

claimed they could not be used in the calculation of his criminal history category.

*See Alabama v. Shelton*, 535 U.S. 654, 658 (2002) (a defendant who receives a

suspended or probated sentence to imprisonment has a constitutional right to

counsel); *Custis v. United States*, 511 U.S. 485, 487 (1994) (except for

convictions obtained in violation of the right to counsel, a defendant has no right

to collaterally attack the validity of previous state convictions that are used to

enhance his sentence); *Burgett v. Texas*, 389 U.S. 109, 114 (1967) (convictions

obtained in violation of the right to counsel cannot be used against a person either

to support guilt or enhance punishment for another offense). Attached to

Sanchez's objections were the docket sheets for each of the four contested

convictions used to calculate his criminal history category and a letter from

Justice Court Judge Kunz who presided over each conviction except the one in

2005.[1]

---

[1] The relevant portion of the letter from Judge Kunz stated: "At the time Mr. Sanchez entered his plea on the DUI, it was my practice to discuss a defendant's rights and ask one to sign a waiver document. My docket reflects the discussion. But no waiver form appears in the file, and I have no idea why one does not. I would not have required a signed waiver before proceeding to trial before the Alabama vs. Shelton came down." [535 U.S. 654 (2002)." (R. Vol. I, Def.'s Obj.'n to PSR, Ex. 5.)

Prior to *Alabama v. Shelton*, the Supreme Court had held counsel must be appointed for any charged crime that "actually leads to imprisonment." *Argersinger v. Hamlin,* 407 U.S. 25, 33 (1972). In *Shelton*, the Court expanded the right to counsel for any charge that may end up in the actual deprivation of a persons liberty." *Shelton*, 535 at 658 (internal quotations omitted).

On January 11, 2006, the probation officer filed an addendum to the PSR stating no changes were to be made because the docket sheets for the 2000 DUI conviction, 2001 retail theft conviction, and 2003 theft by deception conviction all indicated Sanchez had been advised of rights and penalties. Furthermore, the PSR did not change its reference to the 2005 possession of drug paraphernalia conviction. The PSR stated the docket sheet did not reflect an advisement of rights or attorney representation, however, the right to legal representation for indigent defendants had been mandated since 1980 for each case in which imprisonment is likely to be adjudged, pursuant to Utah Code Annotated § 77-32-301.[2]

On January 17, 2006, the government responded to Sanchez's objections to the PSR by arguing Sanchez failed to present evidence to establish by a preponderance that his prior pleas were involuntary or unknowing. *See United States v. Windle*, 74 F.3d 997, 1001 (10th Cir. 1996) ("the defendant must prove by a preponderance of the evidence that the conviction was constitutionally infirm."); *United States v. Wicks*, 995 F.2d 964, 978 (10th Cir. 1993) (the defendant has the entire burden of proving the invalidity of a conviction). After hearing from both sides on January 19, 2006, the district court determined the

_____

[2] A review of the docket sheet reveals Sanchez was "advised of his rights" the same day he pled guilty to possession of drug paraphernalia in 2005. (R. Vol. I, Def.'s Obj.'n to PSR, Ex. 4.)

notations in the docket sheets were sufficient for a presumption that Sanchez had been advised of his rights and ruled the guideline calculations were correct. The district court sentenced Sanchez to 46 months imprisonment.

II. Discussion

We review the district court's interpretation and application of the sentencing guidelines de novo and its factual findings for clear error. *United States v. Cruz-Alcala*, 338 F.3d 1194, 1196 (10th Cir. 2003).

Sanchez had a right to counsel for the prior misdemeanor convictions in which he was actually imprisoned and for those which he received a suspended term of imprisonment.[3] *See Argersinger,* 407 U.S. at 37; *Shelton,* 535 U.S. at 657-58. But the right to counsel can be waived. *Cruz-Alcala,* 338 F.3d at 1197. Once the government establishes the existence of a prior conviction, it becomes the defendant's burden to prove by a preponderance of the evidence that the conviction was unconstitutional. *Id.*; *Windle,* 74 F.3d at 1001. This is so because a "presumption of regularity" attaches to final judgments even when questions of waivers of constitutional rights are raised. *Parke v. Raley,* 506 U.S.

---

[3] We have not determined whether *Alabama v. Shelton* applies retroactively. *See United States v. Cousins*, 455 F.3d 1116, 1126-27 (10th Cir.)*, cert. denied*, 127 S.Ct. 162 & 127 S.Ct. 706 (2006). Nevertheless, we need not address that issue because Sanchez's suspended sentence in the 2000 DUI case was revoked and he was actually imprisoned for that offense. Additionally, while the 2001 retail theft sentence was suspended, Sanchez served thirty days for possession of alcohol by a minor in the same case. Therefore, Sanchez was actually imprisoned in connection with both offenses prior to the 2002 *Shelton* decision. The other two convictions were post-*Shelton*.

20, 29 (1992).

"To overcome this presumption, a defendant may not simply point to a silent or ambiguous record, but must come forward with affirmative evidence establishing that the prior convictions were obtained in violation of the Constitution." *Cruz-Alcala,* 338 F.3d at 1197. "At a minimum, . . . a defendant pointing to a silent or missing record of a prior plea proceeding must begin by also submitting an affidavit or its equivalent asserting that the defendant's plea was in fact not voluntary or was lacking the necessary understanding, and specifying in detail the factual support for such assertion." *Wicks,* 995 F.2d at 978. "Affidavits or testimony by judges, government and defense attorneys, probation officers, and others involved in and knowledgeable about the challenged proceedings, and directly supporting the defendant's position, would be probative." *Id.* at 979.

On appeal, Sanchez relies heavily on Judge Kunz's letter for the general proposition that the convictions are invalid. Sanchez asserts it was Judge Kunz's practice to have defendants sign a waiver of their right to counsel when they plead guilty. Because there is no such waiver in any of his files or a notation on any of the docket sheets to show this, Sanchez concludes this proves he did not waive his right to counsel and renders those convictions constitutionally infirm. It is well established that "absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or

felony, unless he was represented by counsel at his trial." *Argersinger*, 407 U.S. at 37. Contrary to Sanchez's argument, however, this rule does not require a signed written waiver. While Judge Kunz may have had the practice of requiring a signed waiver, his letter did not state Sanchez failed to waive his right to counsel. The letter does not breathe life into the silent or ambiguous record presented here and therefore Sanchez has not overcome the presumption of regularity assigned to his prior convictions.

Sanchez also attacks the validity of each conviction on specific grounds. We address each separately.

*2000 DUI Conviction.*

Sanchez cites to *Parke v. Raley*, for the proposition that an "atypical" or "suspicious" absence of a record supports an invalid conviction. 506 U.S. 20, 30 (1992). Sanchez misinterprets *Parke*. There, the Supreme Court determined that where records are not kept or not available "it defies logic to presume from the mere unavailability of a transcript (assuming no allegation that the unavailability is due to governmental misconduct) that the defendant was not advised of his rights." 506 U.S. at 30. Sanchez has not alleged governmental misconduct and as Judge Kunz explained in his letter "[t]he Justice Court is a court not of record as mandated by the Utah Constitution and therefore no record of any proceeding [is] ever made in my court." (R. Vol. I, Def.'s Obj.'n to PSR, Ex. 5.) Sanchez has not presented affirmative evidence that his DUI conviction was obtained in

-7-

violation of the Constitution nor has he testified or presented an affidavit to this effect. The docket sheet for the 2000 DUI conviction shows Sanchez was advised of his rights and penalties and he has failed to overcome the presumption of regularity attached to this conviction.

*2001 Retail Theft Conviction.*

Sanchez's retail theft conviction is the only contested conviction which involved a bench trial. He pled guilty to being a minor in possession of alcohol and pled not guilty to retail theft and simple assault. After the bench trial, Sanchez was found guilty of alcohol possession by a minor and retail theft, but not guilty of simple assault. The docket sheet for this conviction reflects that Sanchez cross examined one of the city's witnesses. (R. Vol. I, Def.'s Obj.'n to PSR, Ex. 2.)

On appeal, Sanchez asserts that because his 2001 retail theft conviction occurred prior to *Shelton* and Judge Kunz did not require written waivers for cases that proceeded to trial until after that case, Judge Kunz must have believed the Sixth Amendment did not apply to misdemeanor cases that proceeded to trial. We decline to follow this line of reasoning. The fact Judge Kunz had the practice of advising defendants of their rights, and the record reflects that Sanchez was advised of his rights and penalties, proves the contrary. Since 1972, *Argersinger* has applied the Sixth Amendment right to counsel to misdemeanor cases that result in the actual deprivation of a person's liberty. 407 U.S. at 40.

Furthermore, Sanchez misinterprets the holding of *Shelton* to require signed waivers prior to trial. *Shelton* merely extended the *Argersinger* standard (actual imprisionment) to cases where a suspended sentence may result in the actual deprivation of a person's liberty. *Shelton*, 535 U.S. at 658. Judge Kunz's prudent post-*Shelton* practice of requiring written waivers in cases where the defendant may be given a suspended sentence cannot support the conclusion that Sanchez did not waive his right to counsel prior to that decision. Sanchez has failed to overcome the presumption of regularity attached to this conviction.

*2003 Theft by Deception Conviction.*

Sanchez argues the record for this conviction may be missing and therefore the sentencing judge improperly relied solely on the PSR when it determined his prior conviction was valid. *United States v. Allen,* 88 F.3d 765, 772 (9th Cir. 1996). In *Allen*, the district court applied prior convictions to the defendant's criminal history score even though the records did not reflect the defendant had counsel or waived that right. The Ninth Circuit determined a probation officer's statements in a PSR, in and of themselves, cannot be conclusive on the constitutionality of a prior conviction. *Id.* In this case, the district court did not rely solely on the PSR; it also took into account the notations in the docket sheets provided by Sanchez that he had been advised of his rights and penalties. The docket sheet for the 2003 theft by deception conviction shows Sanchez was advised of his rights and penalties and he has failed to overcome the presumption

of regularity attached to this conviction.

*2005 Possession of Drug Paraphernalia Conviction.*

Sanchez challenges his 2005 conviction by comparing it to the record from his 1999 possession of a controlled substance conviction in a neighboring jurisdiction. The 1999 record specifically states he waived his right to counsel. From this, Sanchez believes the absence of the same notation in his 2005 record casts doubt on his waiver of right to counsel in 2005. The fact one jurisdiction may utilize a different docketing or record keeping system than another does not prove by a preponderance of the evidence Sanchez did not waive his right to counsel.

Furthermore, prior experience with the criminal justice system is relevant to the question of whether a defendant knowingly waived his constitutional rights. *Parke*, 506 U.S. at 37; *Wicks*, 995 F.2d at 979. Sanchez certainly is no stranger to the criminal justice system. He has thirty juvenile convictions for criminal or status offenses. He concedes he waived his right to counsel in his 1999 conviction for possession of a controlled substance. He was represented by counsel in his convictions for possession of a controlled substance and attempted robbery, both in 2000. All of these convictions occurred prior to the four convictions challenged here. The docket sheet for the 2005 possession of drug paraphernalia conviction shows Sanchez was advised of his rights. He has failed to overcome the presumption of regularity attached to this conviction.

-10-

Sanchez has not come forward by affidavit or testimony asserting he did not waive his right to counsel. He only points to a silent record for the proposition that there is no proof he waived his right to counsel. Judge Kunz's letter does not state Sanchez failed to waive his rights nor does it present any evidence directly supporting his position. The letter merely states no signed waiver is in the DUI case file. Sanchez has failed to overcome the presumption of regularity and has not presented affirmative evidence to prove by a preponderance to the contrary.

AFFIRMED.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge