**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 3, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DARIO ORTIZ-GONZALEZ,

Defendant-Appellant.

No. 06-4270
(D.C. No. 2:06-CR-472-PGC)
(D. Utah.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **MURPHY**, and **McCONNELL**, Circuit Judges.

On August 22, 2006, defendant Dario Ortiz-Gonzalez pled guilty to one

count of illegal reentry in violation of 8 U.S.C. § 1326. Pursuant to a written plea

agreement between Ortiz-Gonzalez and the United States, Ortiz-Gonzalez

"voluntarily and expressly waive[d] [his] right to appeal any sentence imposed

upon [him], and the manner in which the sentence is determined, on any of the

---

[*]     This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever," except he did not waive his right to appeal a sentence "above the maximum penalty provided in the statutes of conviction," which was stated to be twenty years, "or an upward departure above the high end of the Guideline range as determined by the Court to apply to [him] and the facts of [his] case." Stmt. by Def. in Advance of Plea, ¶ 10(a) at 3 (filed Aug. 22, 2006). At the change of plea hearing, the district court specifically questioned Oritz-Gonzalez about his understanding of the appeal waiver, and ultimately accepted the plea, finding that it was knowing and voluntary.[1]

When the presentence report was prepared, defense counsel objected to the calculation of Ortiz-Gonzalez's criminal history score because she contended that certain of his prior state court misdemeanor convictions had been obtained without the benefit of counsel and that those uncounseled convictions should not be counted in calculating his criminal history score. At the outset of the sentencing hearing, the district court discussed the matter with the parties and defense counsel noted that a case with similar facts was currently on appeal to the Tenth Circuit, No. 06-4032, *United States v. Sanchez*. The district court

---

[1] Other provisions in the plea agreement included that Ortiz-Gonzalez would not file a motion for departure or variance from the guidelines, would agree to reinstatement of a previous order of removal, and would not illegally reenter the country, and that the United States, in turn, would recommend that he receive a two-level reduction in the total offense level for participation in the fast-track program.

continued the hearing so that both parties could have an opportunity to brief the issue; the court also requested from defense counsel copies of all the appellate briefs in the *Sanchez* case.

The sentencing hearing reconvened on October 18, 2006, at which time the parties presented the court an addendum to the plea agreement. The parties also added the following language to the addendum to reflect their agreement about the outstanding sentencing issue: "the government will not enforce this appeal waiver with respect to the uncounseled prior convictions if *U.S. v. Sanchez*, now before the 10th Circuit is reversed." Addendum to Stmt. of Def. in Advance of Plea, ¶ 4(a) at 2 (filed Oct. 18, 2006). Both counsel indicated they were satisfied with this additional language. The court then questioned Ortiz-Gonzalez about his understanding of the change to the plea agreement.

> Q: And you have already pled guilty. Do you understand that our purpose this morning is to add some additional provisions into the plea agreement between you and the government?
>
> A: Yes, sir.
>
> Q: Do you understand that the new agreement that you're entering into indicates that you cannot appeal any sentence that I might impose and that you're not going to file a motion for a departure or a variance from the guideline range. The only limitation is that you get the right to appeal what I'll call the *Sanchez* issue. That is an issue up in front of the Tenth Circuit right now about how to add up criminal history points. But that is the only narrow appeal you're going to be allowed to take and only if *Sanchez* comes out in favor of Mr. Sanchez?
>
> A: Yes, sir.

Q: And then if you do that for the government, they're going to do something for you. They're going to recommend that you get two levels off your criminal history score, I'm sorry, two levels off the guideline calculation for going into a fast-track program. Do you understand that is what you're going to get out of this arrangement?

A: Yes, sir.

Q: All right. Would you like to sign the addendum to the plea agreement at this time?

Tr. of Sentencing Hr'g at 7 (Oct. 18, 2006). The district court then accepted the addendum to the plea agreement, finding that Ortiz-Gonzalez entered it knowingly and voluntarily with a full awareness of his rights.

Following its acceptance of the addendum to the plea agreement, the district court proceeded with sentencing. The court heard argument on the allegedly uncounseled prior convictions and found that Ortiz-Gonzalez had not presented enough evidence to overcome the presumption of regularity. *See, e.g., United States v. Cruz-Alcala*, 338 F.3d 1194, 1197 (10th Cir. 2003). The court therefore determined that Ortiz-Gonzalez's criminal history category was properly calculated at a category V, and that his offense level should be 19, taking into account the two-level reduction for his participation in the fast-track program. That produced an advisory guideline range, the low end of which was 57 months. The court expressed its intent to sentence Ortiz-Gonzalez to the low end of the guideline range and both defense counsel and the United States concurred with that assessment. The court then imposed a sentence of 57 months' incarceration,

followed by two years' supervised release. The court waived the fine but imposed a $100 special assessment and required as a special condition that Ortiz-Gonzalez not reenter the United States illegally.

Ortiz-Gonzalez filed a timely notice of appeal. He has raised two issues on appeal: 1) that the district court erred in relying on several of his prior misdemeanor convictions to calculate his criminal history category because those convictions were obtained in violation of his right to counsel; and 2) that the district court could not rely on any prior convictions to enhance his sentence unless the prior convictions were charged in the indictment. On April 19, 2007, a panel of this court issued a decision in *United States v. Sanchez*, No. 06-4032, 2007 WL 1153757, at *3-*5 (10th Cir. Apr. 19, 2007) (unpublished), affirming Mr. Sanchez's sentence on the ground that he had not presented sufficient evidence to overcome the presumption of regularity with respect to any of his prior convictions. The United States then filed a Motion to Enforce Plea Agreement in the present case pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.*

To prove that enforcement of an appellate waiver would result in a miscarriage of justice, a defendant must establish at least one of four circumstances: (1) reliance by the court on an impermissible factor such as race in the imposition of the sentence; (2) ineffective assistance of counsel in connection with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful and seriously affects the fairness, integrity, or public reputation of judicial proceedings.

*United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005).

In its motion, the United States contends that Ortiz-Gonzalez knowingly and voluntarily waived his right to appeal, that the issues raised by Ortiz-Gonzalez are within the scope of that waiver, that this court's affirmance of the *Sanchez* case released the United States from its conditional promise not to enforce the appeal waiver, and that enforcing the appeal waiver would not result in a miscarriage of justice.

In response, Ortiz-Gonzalez concedes that he entered the plea and appeal waiver knowingly and voluntarily and that the issues raised on appeal fall within the scope of the appeal waiver. He argues, however, that we should not enforce the waiver because, unlike in *Sanchez*, the record here affirmatively shows that he was denied the right to counsel in his prior convictions and allowing those convictions to be used against him in calculating his sentence would result in a miscarriage of justice. He also contends that his appeal raises important constitutional issues not yet resolved by the United States Supreme Court, "namely the rights to notice, an indictment, and a jury trial when enhancing

-6-

sentences for illegal reentry." Mem. in Opp'n to Mot. to Enforce Plea Agrmt. at 1.

Ortiz-Gonzalez's arguments that enforcement of the appeal waiver will result in a miscarriage of justice are misdirected because they focus on whether his sentence was unlawful, not on whether the waiver was unlawful. As we held in *Porter*, "[t]he relevant question . . . is not whether [defendant's] sentence is unlawful . . . , but whether . . . his appeal waiver itself [is] unenforceable." 405 F.3d at 1144. Ortiz-Gonzalez has not addressed any argument to the critical issue of whether his appeal waiver itself was unlawful, much less shown that enforcement of the waiver would seriously affect the fairness, integrity, or public reputation of the judicial proceedings. The sentence the district court imposed complied with the terms of the plea agreement and with the understanding of the plea Ortiz-Gonzalez expressed at the change of plea hearing and again at the hearing on the addendum to the plea agreement.

The motion of the United States to enforce the plea agreement is GRANTED and the appeal is DISMISSED. The mandate shall issue forthwith.


ENTERED FOR THE COURT
PER CURIAM